643 So.2d 471 (1994)
Judy CEASAR, Plaintiff-Appellant,
v.
CRISPY CAJUN RESTAURANT, Defendant-Appellee.
No. 94-30.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*472 Gary J. Ortego, for Judy Ceasar.
Tara Cochran, for Crispy Cajun Restaurant.
Before KNOLL, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
Plaintiff-appellant, Judy Ceasar, appeals from a judgment of the Office of Workers' Compensation, District 2, denying her claim for workers' compensation benefits, penalties, and attorney's fees. The hearing officer found the plaintiff-appellant failed to prove that a work-related accident occurred and that the plaintiff's medical condition was not a work-related occupational disease. As a consequence of these findings, the hearing officer dismissed the plaintiff's claim with prejudice and awarded no benefits, penalties, or attorney's fees.
On appeal, Judy Ceasar contends that the hearing officer erred when she ruled that no work-related accident occurred and that she failed to show by an overwhelming preponderance that she contracted an occupational disease due to her work. Ms. Ceasar maintains that she is entitled to an award of *473 temporary total disability benefits, penalties, and attorney's fees.
For the reasons which follow, we reverse the hearing officer's judgment.

FACTS
Judy Ceasar (hereinafter CEASAR) worked at Crispy Cajun Restaurant[1] (hereinafter CRISPY CAJUN) from February 13, 1992, to October 4, 1992. CEASAR worked primarily as a cook. Her daily duties included cooking rice, preparing rice dressing, making batter, peeling shrimp and cooking chicken, gizzards, liver, and chicken nuggets. CEASAR worked forty (40) hours per week and was paid $4.75 per hour.
During the cooking process, CEASAR was not required to perform the heavier or more physical duty of removing the chicken from the fryers and dumping it into the warming bins. From time to time, however, when CEASAR'S male co-workers were occupied with their duties, CEASAR removed the chicken from the cookers herself. On August 9, 1992, CEASAR lifted a basket of chicken from the cooker about one (1) foot above her head to place the chicken into the warming bin when she felt a sharp pain on the inside of her wrists and hands, and a numbing sensation in her fingertips. The pain either forced her to drop the basket or place it on a table. After the incident, she continued to work at CRISPY CAJUN until her disabling injury forced her to terminate her employment on October 4, 1992.
CEASAR sought treatment on August 13, 1992, four (4) days after the incident. Her initial treating physician, a gynecologist, referred CEASAR to an orthopedist, who treated her on August 18, 1992. The orthopedist ordered a nerve conduction study, which was completed on September 10, 1992, at Rapides Regional Medical Center. The results of that study established that CEASAR suffered from carpal tunnel syndrome. CEASAR'S treating physician recommended and scheduled CEASAR for surgery on October 30, 1992. CRISPY CAJUN refused to pay for the medical treatment. Indeed, as of the date of the trial, the surgery had not been performed.
This proceeding was initiated when CEASAR'S demands for payment of workers' compensation and medical treatment were denied by CRISPY CAJUN. On May 6, 1993, a trial on the merits was held. In her reasons for judgment rendered on July 30, 1993, the hearing officer found that CEASAR failed to prove that an accident occurred and that CEASAR failed to show by the requisite degree of proof that she suffered from an occupational disease, i.e. carpal tunnel syndrome, as a result of her work at CRISPY CAJUN. As a result of her factual findings, the hearing officer pretermitted on the issues of penalties and attorney fees.
From those rulings, the plaintiff appeals.

I. Issues Presented
1) Whether the hearing officer erred in finding that no accident and disabling injury occurred during the course and scope of her employment with CRISPY CAJUN. 2) Whether the trial court erred in finding that CEASAR failed to show by an overwhelming preponderance of the evidence that the carpal tunnel syndrome was an occupational disease caused by her work at CRISPY CAJUN.
This court pretermits the second issue raised by appellant because we find that the hearing officer committed manifest error in failing to find that CEASAR suffered a work-related accident and disabling injury.

Issue I
Whether the hearing officer erred in finding that no accident occurred during the course and scope of CEASAR'S employment with CRISPY CAJUN.
To establish that a claimant is entitled to workers' compensation benefits, claimant must prove by a preponderance of the evidence that an accident occurred during the course and scope of his employment; the accident caused his injuries; and the injury caused his disability. Kennedy v. Security *474 Indus. Ins. Co., 623 So.2d 174 (La. App. 3d Cir.), writ denied, 629 So.2d 389 (La.1993); reconsideration denied, 630 So.2d 251 (La.1993). A preponderance of the evidence requires a plaintiff to show the fact sought to be proved is more probable than not. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). Once he has established the aforementioned elements, pursuant to La. R.S. 23:1221(1), a claimant must then show by "clear and convincing" evidence that he is temporarily totally disabled.[2]
We first point out that in briefing the burden of proof carried by a plaintiff in workers' compensation claims, CRISPY CAJUN cites Narcisse v. Employers Ins. of Wausau, 510 So.2d 1328 (La.App. 3d Cir. 1987) for the proposition that in cases where the plaintiff's testimony is the sole evidence at trial, a workers' compensation claimant's burden becomes proof by "clear and convincing evidence." The Narcisse holding, at least as to the burden of proof concerning the occurrence of an accident and its causal link to an injury, is contrary to current Louisiana law. "[I]t is improper for a court to impose a higher standard of proof on a worker simply because she was the only witness, as to do so `in effect place[s] a duty upon this compensation claimant to prove her case greater than that required by the jurisprudence.'" Bruno v. Harbert Intern. Inc., 593 So.2d 357, 364 (La.1992) (citing West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979)). "The worker's burden of proof, even if the worker is the sole witness of the accident, is by a preponderance of the evidence." Id. (Emphasis added). Consequently, our review of the hearing officer's findings and rulings about the occurrence of the accident and causation shall be in accordance with the holding in Bruno, namely, whether CEASAR proved by a preponderance of the evidence that she suffered a work-related accident and that the accident caused her injuries.
It is undisputed that at the time CEASAR alleged the accident occurred she was in the course and scope of her employment. Additionally, both parties stipulated to the medical findings that reveal CEASAR suffers from severe carpal tunnel syndrome in the right hand and mild to modest carpal tunnel syndrome in the left hand. Consequently, the principal issues to be reviewed by this court is whether the hearing officer committed manifest error or was clearly wrong in her finding that no injury causing work-related accident occurred.
"Jurisprudence clearly establishes that in workers' compensation cases, the appropriate standard of review to be applied by appellate courts is the `manifest error-clearly wrong' standard." Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94); 630 So.2d 706, 710 (citations omitted). "The same standard of appellate review applicable to factual findings of district courts is also applicable to the factual findings of an administrative body or hearing officer." Id. That standard prohibits an appellate court from setting aside the lower court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of fact should not be disturbed upon review, even though we may feel that our own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
"The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between *475 them cannot be manifestly erroneous or clearly wrong.
"When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong."
Id., at 844-45 (citations omitted). "Where an appellate court finds manifest error the factual findings of the trier of fact may be reversed." Alexander, 630 So.2d at 710 (citations omitted). "If an appellate court finds manifest error, it is required to determine the facts de novo from the entire record." Id.
The Louisiana Supreme Court recently addressed the burden of proof carried by a plaintiff in a workers' compensation claim and provided the following thorough analysis:
"Louisiana courts consistently have interpreted the work-related accident requirement liberally. Williams v. Regional Transit Authority, 546 So.2d 150, 156 (La.1989). Indeed, it is well-settled in Louisiana that an `accident' exists when `heavy lifting or other strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition.' Cutno v. Neeb Kearney & Co., 237 La. 828, 112 So.2d 628, 631 (1959); Nelson [v. Roadway Express, Inc., 588 So.2d 350 (La.1991)], supra (collecting cases). Moreover, Louisiana courts view the question of whether there was an accident from the worker's perspective. Williams, supra."
* * * * * *
"A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers' Compensation, § 253 (2d Ed. 1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends. Malone & Johnson, supra; Nelson, supra. Corroboration may also be provided by medical evidence. West, supra."
"In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent `circumstances casting suspicion on the reliability of this testimony.' West, 371 So.2d at 1147; Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987)."
Bruno, 593 So.2d at 360-61 (emphasis added).
CEASAR claimed that she suffered a disabling injury from a work-related accident while employed at CRISPY CAJUN. She specifically alleges that during her shift on August 9, 1992, she removed a basket of chicken from the cooker and was in the process of dumping that chicken into the warming bin when she experienced pain in her hands, wrists, and fingers. CEASAR was the sole witness to the accident. While generally uncontradicted testimony shall be considered true, a trial court must rule on the veracity of the plaintiff's allegations in light of other corroborating or contradictory evidence.
While CEASAR was the sole witness to the accident in this case, testimony of a co-worker, Jenifer Chapman, corroborated *476 CEASAR'S allegation of the accident and disabling injury. Her testimony indicated that from the date of the accident until the time that CEASAR left her employment, she complained of pain and physical disability. That testimony corroborated and was consistent with the type and severity of CEASAR'S pain, the debilitating effect that it had on her ability to work and carry out her responsibilities at CRISPY CAJUN, and finally, the time frame in which CEASAR alleges the accident occurred. That testimony was uncontradicted by CRISPY CAJUN.
The medical records in this case further support CEASAR'S contentions. They establish that CEASAR sought immediate treatment for her injury, i.e. within four (4) days of the accident. She followed up on that medical treatment with recommended visits to an orthopedist and a neurosurgeon. The objective medical findings establish that CEASAR suffers from severe carpal tunnel syndrome on the right side and mild to moderate carpal tunnel syndrome on the left side, which was "probably precipitated by and continues to be aggravated by [the] type of work she [CEASAR] performs." CRISPY CAJUN offered absolutely no evidence to rebut the medical evidence presented by CEASAR, and in fact stipulated to the medical findings and diagnosis. Apart from the objective medical evidence, the record indicates that CEASAR took sick leave days to make her doctor appointments. That evidence about which CRISPY CAJUN'S manager, Mr. Stelly, testified, further corroborates and substantiates the date of the accident and that an injury was sustained. CRISPY CAJUN offered no evidence to discredit or cast serious doubt on CEASAR'S testimony.
Applying the appropriate standards of proof articulated by this court, the Louisiana Supreme Court, and statutory law, we find that the hearing officer committed manifest error; her findings of fact were clearly wrong and contrary to law. CEASAR'S claim of a work-related injury was wholly supported by the testimony and evidence presented at trial.
In sum, the hearing officer's findings that no work-related accident occurred is not reasonable in light of the entire record and current law and jurisprudence. The appropriate standard of proof to establish a work-related accident is by a preponderance of the evidence. CEASAR clearly established by uncontradicted evidence that a work-related accident occurred. CEASAR presented uncontradicted testimony and uncontradicted medical evidence that was corroborated by and was consistent with CEASAR'S claims. As a matter of law, the uncontradicted testimony of a plaintiff must be accepted as true, particularly, if that testimony is supported and corroborated by other direct or circumstantial evidence. After reviewing the record in toto, we find that the record in this case is void of sufficient evidence to cast "serious doubt or suspicion" over the reliability of CEASAR'S testimony. The record indicates some problems with CEASAR'S ability to recall specifically the date of the accident when interviewed by CRISPY CAJUN'S insurance adjuster almost sixty (60) days after the accident. In that interview, CEASAR stated that the accident occurred "one or two months ago". In light of the entire record, however, which offers both uncontradicted objective and subjective evidence of a work-related accident, we find that CEASAR'S inconsistent statements concerning the exact date of the incident do not rise to a level sufficient enough for the hearing officer to find that it was less likely than not that CEASAR sustained a work-related injury.
Having found that the hearing officer erred in finding that no accident occurred, we now address the issue of causation. In a workers' compensation case, a claimant must prove by a preponderance of the evidence that a work-related accident occurred, and that her disability was caused by that employment accident. Doucet v. Baker Hughes Production Tools, 626 So.2d 948 (La.App. 3d Cir.), writ granted and aff'd with amendment, 93-3087 (La. 3/11/94); 635 So.2d 166. "A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence *477 shows there to be a reasonable possibility of causal connection between the accident and the disabling condition." Bruno, 593 So.2d at 363 (citing West, 371 So.2d at 1149 and Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La. 1977)). "When there is proof of an accident and of a following disability, without an intervening cause, it is presumed that the accident caused the disability." Coley v. Wilson Oil Co., Inc., 620 So.2d 445, 450 (La.App. 3d Cir.1993). Once a claimant proves an accident occurred followed by a disability, the burden shifts to the employer and his insurer to prove the absence of a causal connection between the accident and the injury. Bruno v. Guaranty Bank & Trust Co., 617 So.2d 1351 (La.App. 3d Cir.1993).
CRISPY CAJUN never rebutted the presumption that the accident caused her disability. It offered no testimony or medical evidence to contradict or rebut CEASAR'S testimony that she suffered no pain, debilitating illness, or was in failing health prior to the date of the accident. In fact, the record reveals CEASAR worked as a cashier and order preparer for approximately 13 years in the fast food business without incident. She never suffered any type of disabling work-related injury.
In addition, we find that there was no evidence presented by CRISPY CAJUN at trial to support the hearing officer and its contention that carpal tunnel syndrome is exclusively an occupational disease which is solely "due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment" in which the employee is employed. La.R.S. 23:1031.1(B). While La.R.S. 23:1031.1(B) provides that "[o]ccupational disease shall include injuries due to work-related carpal tunnel syndrome," we hold that the statute does not preclude recovery of workers' compensation benefits for a work-related carpal tunnel syndrome injury caused by an accident. Smith v. Tudor Const., 25,783 (La. App. 2d Cir. 5/4/94); 637 So.2d 666.
Based on the medical evidence, the failure of CRISPY CAJUN to establish the absence of a causal link between the carpal tunnel syndrome and the accident, and La.R.S. 23:1031.1(B): we find that CEASAR proved a causal link between her disabling injury and the accident by a preponderance of the evidence.
On the issue of CEASAR'S disability, the record clearly shows that she proved by "clear and convincing" evidence that she is totally disabled, i.e. she is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(1)(c). "[T]he question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony." Dugas v. Rosary House, 93-42 (La.App. 3d Cir. 4/6/94); 635 So.2d 570, 572. "Ultimately, the question of disability is a question of fact." Id. The uncontradicted testimony of CEASAR, which is corroborated by her co-workers, leaves do doubt in this court's mind that she is presently totally disabled. The objective medical evidence to which both sides stipulated supports our finding. We do recognize that her disability, however, is only temporary in nature and can be corrected with surgery. Therefore, we find that CEASAR is temporarily totally disabled, and accordingly, we award temporary total disability benefits to her.
Finally, we address the issue of penalties and attorney's fees. The penalty provisions of LSA-R.S. 23:1201 are invoked if workers' compensation is denied and the employer or his insurer did not reasonably controvert the employee's right to compensation. The test to determine whether the employee's right has been reasonably controverted turns on whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Chelette v. American Guar. and Liability Ins., 480 So.2d 363 (La.App. 3d Cir.1985). "The purpose of the penalty provision of this statute is to discourage an attitude of indifference toward the injured employee." Spinks v. Dept. Of Health and Human Res., 591 So.2d 423, 427 (La.App. 3d Cir.1991), writ granted in part, 595 So.2d 648 (La.1992), on remand, 605 So.2d 1384 (La.1992) (citing Alexander v. Dept. of Culture, etc., 410 So.2d 1286 (La.App. 3d Cir.1982). "An unjustified belief that an employee's injury did not result from an accident does not excuse failure to *478 pay worker's compensation benefits." Nelson v. Roadway Exp., Inc., 588 So.2d 350, 355 (La.1991). A determination of whether a defendant should be cast with penalties is essentially a question of fact.
If CRISPY CAJUN was reasonable in believing that no benefits were due CEASAR, we would reasonably expect that they could find and present some evidence to place in dispute the evidence presented by CEASAR concerning causation and disability. CRISPY CAJUN offered no evidence to contradict or rebut the existence of CEASAR'S work-related injury, and stipulated to the medical findings. They offered no evidence to support their contention that carpal tunnel syndrome can only be a medical condition caused by one's occupation. In addition, their contention that La.R.S. 23:1031.1 does not allow recovery of workers' compensation benefits for carpal tunnel syndrome caused by an accident has no support in the law. Finally, an employer cannot satisfy its burden of proving that they reasonably believed or controverted an employee's claim by merely pointing out nothing more than minor inconsistencies in the claimant's testimony. Consequently, we award penalties to CEASAR.
On the issue of attorney's fees, La. R.S. 23:1201.2 provides in pertinent part that the failure of an insurer to pay workers' compensation benefits within sixty (60) days after receipt of written notice shall subject it to reasonable attorney fees if it is found to have acted arbitrary, capricious, or without probable cause. In this case, CRISPY CAJUN took the position that the accident never happened, and then despite the overwhelming evidence supporting and corroborating CEASAR'S contentions of which they had knowledge, they denied benefits. We find no real or substantial issue to support CRISPY CAJUN'S denial of workers' compensation benefits to a disabled employee, and accordingly, we hold that they were arbitrary and capricious and award attorney's fees in the amount of $5,000.00.
In sum, we find that CEASAR proved by a preponderance of the evidence, i.e. more likely than not, that an accident occurred. Secondly, we find that she established the requisite causal link between the accident and the injury. Third, we hold La.R.S. 23:1031.1 does not preclude recovery of workers' compensation benefits for carpal tunnel syndrome caused by a work-related accident. Fourth, we find that she established by clear and convincing evidence that she is temporarily totally disabled. Finally, we find that CRISPY CAJUN failed to reasonably controvert CEASAR'S claim and that it was arbitrary and capricious in denying CEASAR'S claim and award penalties and attorney's fees.

Conclusion
For the foregoing reasons, the judgment of the hearing officer is reversed.
IT IS ORDERED, ADJUDGED AND DECREED that due to Judy Ceasar's temporary total disability she is entitled to workers' compensation benefits until a lawful basis for a change in her status occurs, together with legal interest from date of judicial demand until paid on past due benefits. Additionally, Crispy Cajun Restaurant is assessed with statutory penalties on the unpaid workers' compensation benefits as provided for in La.R.S. 23:1201(B).
IT IS ORDERED, ADJUDGED AND DECREED that Judy Ceasar is awarded reasonable attorney's fees in the amount of $5,000.00.
Cost of this appeal is assessed to defendant-appellee, Crispy Cajun Restaurant.
REVERSED and RENDERED.
NOTES
[1] Crispy Cajun Restaurant is owned by Crispy Cajun, Inc. Workers' compensation insurance was provided by Guarantee Mutual Life Insurance Company.
[2] By Act No. 454, § 6 of 1989, effective January 1, 1990, the legislature amended La.R.S. 23:1221(1) by adding subparagraph (1)(c), which raised the workers' compensation claimant's burden of proving temporary total disability from a preponderance to clear and convincing. That more stringent burden of proof applies to work-related injuries occurring after January 1, 1990. The work-related accident in this case occurred August 9, 1992. That amendment, however, did not change the standard of proof regarding whether an accident occurred and whether the accident caused the disability.