11 YELVERTON, Judge.
Cajun Bag and Supply Company appeals the judgment in this workers’ compensation case. The hearing officer found that Laurita Soileau suffered a work-related accident that caused her to be temporarily totally disabled. Benefits were awarded as well as penalties and attorney’s fees. We affirm, and amend to increase the award of attorney’s fees.
12FACTS
Soileau began working for Cajun Bag on February 22, 1994, as a main seam sewer. On May 9, 1994, she felt three shocks from her sewing machine. The third shock really zapped her. She explained that her machine was damp on the morning of the shock because the roof had leaked from rain. She even had to wipe the moisture off her machine. Soileau filed a report regarding the accident on the same day.
David Michot, who worked in maintenance, checked the machine following Soileau’s complaints. He found nothing wrong. Out of an abundance of caution, he grounded the machine head because of Soileau’s complaints.
Soileau’s report indicated that her sewing machine had shocked her; that her left hand, arm, and shoulder joints were sore; and that her right arm was tingling. She did not see a doctor at that time. She later complained of continuing problems and requested to see a doctor.
Soileau was first examined by Dr. Menard, the company doctor, on June 20, 1994. Dr. Menard referred her to see Dr. Gregory Gidman, an orthopedic surgeon, who examined her on July 18,1994. Dr. Gidman noted that Soileau had an exquisitely positive Tmel’ sign over the carpal tunnel. He diagnosed her with left carpal tunnel syndrome and injected the carpal tunnel. Dr. Gidman referred Soileau to Dr. Robert Franklin for a nerve conduction study, which was performed on January 5, 1995. This study was consistent with left carpal tunnel syndrome.
On May 1, 1995, nearly a year after the accident, Soileau was also examined by Dr. Harold Stokes, who specializes in surgery of the hand. Soileau | 3 reported numbness and tingling in both hands with the left hand being more severe. Dr. Stokes opined that Soileau was manifesting signs of carpal tunnel syndrome.
Soileau testified that she never suffered any pain in her wrists or arms before the incident at work. The pain began then and continued. She requested medical treatment after she saw Dr. Gidman. This request was denied. She requested compensation benefits, and that was denied.
The hearing officer found that Soileau sustained a work-related accident. The hearing officer found that before the accident Soileau was in good health, but after the accident symptoms of a disabling condition first appeared. Thereafter, Soileau continuously manifested these symptoms. The hearing officer also found that both the evidence and the medical records supported the inference of a causal connection between the accident and the disability. She awarded temporary total disability benefits, medical benefits, travel expenses, and penalties on the unpaid indemnity benefits and medical expenses. The hearing officer awarded $5,000 in attorney’s fees.
Cajun Bag argues several assignments of error.
ACCIDENT
Cajun Bag claims that the hearing officer erred in finding that Soileau suffered a work-related accident. Specifically, it *1165 claims that the evidence established that Soi-leau was never shocked. An “accident” is “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive 14 degeneration.” La.R.S. 23:1021(1). Soileau experienced a shocking sensation. She reported it immediately. A repairman came. He grounded the machine. Her testimony was not discredited. The hearing officer was not clearly wrong in finding that Soileau suffered an accident.
DISABILITY
The hearing officer found that Cajun Bag failed to meet its burden of showing that it was more probable than not that Soileau’s carpal tunnel syndrome was not caused by the work accident.
In Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320, 324 (La.1985) the supreme court established the appropriate burden of proof for the element of causal connection:
As in other civil suits the employee in a worker compensation proceeding initially has the burden of establishing his disability and its causal relation with the employment accident by a preponderance of the evidence. In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. A claimant’s disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection.
(Citations omitted).
Soileau was examined by three doctors: Dr. me nard, Dr. Gidman, and Dr. Stokes. The medical reports were put in evidence as joint exhibits. All three 15 reports related the accident and the diagnosis of carpal tunnel syndrome. Dr. Stokes opined that the shock Soileau may have experienced was the equivalent of a Tinel’ sign produced by the position of her wrist at that time. It was Dr. Stokes’ opinion that Soileau’s carpal tunnel syndrome was not the result of an electrical shock injury.
Soileau established that she did not have symptoms before the shocking accident. This was not contradicted by the defendant. The hearing officer based her decision that a causal relation was presumed on the basis of the medical diagnosis and the circumstantial evidence. She took Dr. Stokes’ opinion into account. We cannot say that her finding was manifestly erroneous.
Soileau, at trial, was still experiencing pain and swelling of the left wrist. The carpal tunnel syndrome had never been released. She requested a leave of absence when she became unable to perform her usual duties. Her employer recognized this. The hearing officer did not err in finding disability.
JOB APPLICATION
Cajun Bag assigns error in the failure to find that Soileau forfeited her rights by untruthfully answering questions on her medical history in her employment application. It is said that she told Dr. Gidman and Dr. Stokes that she had had another electrical shock in the kitchen 10 or 15 years before this accident, but she did not put that on her application. The application fisted 64 specific conditions. There was no evidence she answered any untruthfully, or even incorrectly. No question asked if she had ever received an electrical shock.
|fi OCCUPATIONAL DISEASE
Cajun Bag contends that since carpal tunnel syndrome is listed as an occupational disease in La.R.S. 23:1031.1 and Soileau had worked for less than a year for Cajun Bag before the problem arose, Soileau had a *1166 heightened burden of proof. Furthermore, she did not meet this burden of proof to establish compensability. The hearing officer found that carpal tunnel syndrome can also be caused by trauma and that Soileau’s condition was caused by the trauma she experienced on May 9, 1994. The hearing officer’s finding is supported by the case law. See Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3 Cir. 10/5/94); 643 So.2d 471, writ denied, 94-2736, (La.1/6/95); 648 So.2d 931. We find no error.
PENALTIES & ATTORNEY’S FEES
The hearing officer found that the employer’s mishandling of the claim was arbitrary and capricious. The employer offered no other plausible explanation for Soi-leau’s condition, provided no evidence to dispute the occurrence of an accident as described, and failed utterly to overcome the presumption that the disability was work-related. The employer failed to authorize medical treatment and pay benefits. The accident happened on May 9, 1994. Carpal tunnel syndrome is a recognized disabling condition for a person who works with her hands. That was the clear diagnosis of Soi-leau’s condition, and the medical opinion was unanimous that surgical release was required. The opinion of Dr. Stokes, which merely questioned the relationship between Soileau’s condition and her employment, was not obtained until May 1, 1995, nearly a year after the accident. Not until five days before the trial in October 1995 did Dr. Stokes express the opinion that there was no relationship. 17 Until then, Cajun Bag had no reason to believe Soileau’s injury did not result from a work-related accident. The hearing officer found that even considering Dr. Stokes’ opinion the presumption was not overcome. These are findings of fact which are not manifestly wrong.
Soileau has answered the appeal asking that we add additional attorney’s fees for work done on this appeal. We increase attorney’s fees by an additional $1,500.
For the above reasons the judgment of the Office of Workers’ Compensation is amended to increase attorney’s fees by an additional $1,500. As amended the judgment is affirmed at appellant’s costs.
AMENDED AND AFFIRMED.