774 So.2d 254 (2000)
Lucius J. WILLIAMS, Sr.
v.
RAVARE MASONRY CO.
No. 00-00329-CA.
Court of Appeal of Louisiana, Third Circuit.
October 4, 2000.
Rehearing Denied January 10, 2001.
*255 George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, Louisiana, Counsel for Plaintiff-Appellant.
Bradley J. Gadel, Alexandria, Louisiana, Counsel for Defendant-Appellee.
Court composed of Judge HENRY L. YELVERTON, SYLVIA R. COOKS and MICHAEL G. SULLIVAN, Judges.
COOKS, Judge.
Lucius Williams appeals a judgment of the Office of Workers' Compensation, District 2, denying his claims for benefits, penalties, and attorney's fees. The workers' compensation judge found Williams failed to prove the alleged "unwitnessed" work-related accident occurred and that the alleged accident caused his medical condition. Williams contends the judge had no sound reason to disbelieve his account of the accident and erred by rendering a ruling solely based on credibility assessments. Williams maintains the corroborating evidence and circumstances of the accident and injury sufficiently prove by a preponderance of evidence that he was injured in an accident during the course and scope of his employment. Williams also contends the Louisiana United Business Association (LUBA) adjuster failed to meaningfully investigate his claim, and denied his claim without any factual information to support the refusal. As such, Williams contends sanctions and attorney's fees are warranted.
We disagree and affirm the judgment for the following reasons.

I.
To establish entitlement to workers' compensation benefits, a claimant must prove by a preponderance of the evidence that an accident occurred during the course and scope of his employment; the accident caused his injuries; and the injury caused his disability. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979); Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3 Cir. 10/5/94); 643 So.2d 471, writ denied, 94-2736 (La.1/16/95); 648 So.2d 931. Once he has established the aforementioned elements, pursuant to La.R.S. 23:1221(1), a claimant must then show by "clear and convincing" *256 evidence that he is temporarily totally disabled. It is well established that a worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. West, 371 So.2d at 1147; Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers' Compensation, Sec. 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Id. Corroboration may also be provided by medical evidence. West, 371 So.2d at 1146. True, Louisiana courts consistently have interpreted the work-related accident requirement liberally, but the liberal construction of the statute does not relax the worker's burden of proof. Bruno v. Harbert Int'l. Inc., 91-1444 (La.1/17/92); 593 So.2d 357; Williams v. Regional Transit Auth., 546 So.2d 150 (La. 1989); Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
The Office of Workers' Compensation judges' findings are subject to the same standard of review as are trial court judges' findings. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706. Whether claimant discharged his burden of proof is a factual determination not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno 593 So.2d at 361; City of Eunice v. Credeur, 99-302 (La.App. 3 Cir. 10/13/99); 746 So.2d 146, writ denied granted in part and denied in part, 99-3249 (La.1/28/00); 753 So.2d 226. The appellate court must determine whether the testimony and evidence contained in the record establishes that a reasonable factual basis does not exist for the workers' compensation judge's findings and that the record establishes the findings were clearly wrong/manifestly erroneous. See Mart v. Hill, 505 So.2d 1120 (La.1987). In reaching this decision, "the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review...." See Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). However, the Louisiana Supreme Court in West, stated, "the appellate court is not required by [the manifest error/clearly wrong] principle to affirm the trier of fact's refusal to accept as credible uncontradicted testimony ... where the record indicates no sound reason for its rejection...." West, 371 So.2d at 1150; Ceasar, 643 So.2d at 473. Applying the foregoing principles of review, we conclude the judgment was neither clearly wrong nor manifestly erroneous.

II.
It is clear from his reasons for judgment, the workers' compensation judge fully rejected Williams' account of the alleged accident and subsequent disability. He noted several factors which cast doubt on Williams' story. First, the judge found a lack of corroborating testimony from both co-workers and Williams' supervisor to establish the alleged work-related accident occurred, noting Williams failed to timely report the alleged accident to his employer and treating physician. Next, the judge found the medical documentation presented by Williams to establish a link between the alleged accident and his injury was insufficient. Finally, he found Williams' testimony was not credible, surmising "these inconsistencies all indicate that Williams is not being truthful in his account of his accident."
Williams testified that on June 30, 1998, he was employed by Ravare Masonry Co. as a laborer. The crew stopped working for a while that day because it was raining. When the rain stopped the crew returned to work. Shortly after, Williams alleged he slipped and did a "split" while carrying *257 a 16 foot scaffolding board up a slight incline. He felt a stinging sensation in his groin and hip area, but completed the day's work. On the drive home, Williams claims he mentioned to members of the crew that he might have hurt himself. But no one testified at trial that they witnessed the alleged accident, nor did anyone recall Williams mentioning any such incident or injury. On July 2, 1998, Williams arrived at Huey P. Long Medical Center complaining of hip and groin pain. At the time, Williams was taking "gout pills" for pain in his knees, which caused him to walk with a limp. The medical chart completed on that date revealed Williams reported "a hyper-abducted left leg two days ago." This finding Williams argues proves his injury resulted from a "split," which occurred at the time he alleged he slipped and did a split on the job. However, a radiology exam conducted on the same date shows Williams' left hip and pelvis evidenced chronic bilateral avascular necrosis with no signs of fractures nor dislocations of his joints.[1] Williams continued work with Ravare Masonry after the alleged injury for five days, but failed to report the incident directly to his employer; nor did he inform his supervisor of the July 2, 1998 hospital visit. When questioned by counsel at trial why he failed to report the accident at that time, Williams responded he felt the injury was not serious. From July 9th to July 21st Williams did not return to work. On July 22, 1998, Williams arrived ready to work and resumed his full duties until September 6, 1998, at which time he quit, complaining of continued pain.
Williams contends his sporadic work pattern during July and August evidence his disability. The record reflects, however, Williams rarely logged a full forty-hour work week, even before the alleged injury. Sylvester Ravare testified Williams suffered from gout and an arthritic condition which caused him to miss work prior to the alleged accident. Aaron Simon, a co-worker, testified he recalled Williams complaining about pain in his hip and back on certain occasions. But Williams worked over forty hours with Ravare the last week before he decided to quit.
On September 7, 1998, Williams returned to Huey P. Long Medical Center again complaining of hip and groin pain. The medical chart indicates Williams stated he pulled his groin muscle and did a split four months prior. The attending physician diagnosed Williams as suffering from a possible pulled groin muscle and avascular necrosis. Williams' radiology exam on this visit again indicated chronic avascular necrosis involving both femoral heads, without signs of fractures nor dislocations. Williams remained unemployed until March 1999, when he resumed working as a carpenter's helper for another employer.
Dr. Rambach, an orthopaedic specialist, examined Williams in June 1999, and found he suffers primarily from avascular necrosis of the femoral heads. The doctor also noted a degenerative arthritic condition in his lower back. Dr. Rambach recommended Williams undergo tests to rule out sickle cell disease or other abnormal hemiglobin anemias. As noted by the workers' compensation judge, "even Dr. Rambach... was not completely sure that the avascular necrosis condition ... was causally related to the alleged June 30, 1998, `split.'" Further, Williams' medical history revealed an injury occurring in June 4, 1992 when he fell approximately eight feet from scaffolding. Williams injured his tail-bone, and suffered pain in his left leg and hip. Williams failed to disclose the prior injury to any of the treating physicians who examined him after the alleged work injury at issue.
The first documented report of Williams' alleged work accident is found in a demand letter his attorney sent to Ravare dated September 21, 1998. The company reported the injury to Risk Management Services, the claims adjusting service for LUBA (Louisiana United Businesses Association) *258 self-insured fund on September 22, 1998. However, Williams testified he attempted to process his workers' compensation claim earlier that month but was not assisted by Ravare Masonry in obtaining the proper claim forms. Sylvester Ravare testified he was "stunned" to hear of the alleged accident because Williams had been working "all the time," and the accident supposedly occurred a couple months back. As noted, Aaron Simon testified he recalled Williams complaining about pain in his hip and back, but he never heard Williams mention a work-related accident. Simon also testified the workers at Ravare Masonry knew to report any work-related accident immediately, even if the resulting injury did not prevent them from continuing to work.

III.
After completely reviewing the record, we find the judge had sound reason to question the uncorroborated version of Williams' account. The alleged accident went unreported for over two months, while Williams continued to work at Ravare Masonry. Testimony indicated that each worker knew to report any work-related injury immediately to his supervisor. However, until September 1998, Williams never mentioned the occurrence of a work-related accident. Williams' supervisor and co-workers also testified he complained of hip and back problems and missed work because of "gout" and an unrelated arthritic condition prior to the alleged incident.
The workers' compensation judge also had sound reasons to find the medical documentation submitted by Williams did not sufficiently link the alleged accident with his current medical condition. Although Williams may have slipped and "split" his legs, there is little in the record except Williams' testimony which establishes his medical abnormality resulted from or was aggravated by the alleged work event.
Williams argues that the evidence scale should tip in his favor because "defendant failed to produce sufficient evidence to cast serious doubt upon [his] version of the work accident?" He suggests the Louisiana Supreme Court perhaps "envisioned a balancing test" when weighing the evidence in unwitnessed accident cases. "In other words," Williams postulates:
"where the injured worker presents compelling corroborative evidence ..., a defendant insurer, in order to carry its burden, would have to produce equally compelling evidence to cast doubt. On the other hand, if plaintiff's version was not amply corroborated (for instance, the medical histories did not support a work injury, or after his unwitnessed injury, he did not miss any work or had no difficulty doing his work), then defendant would not have to produce substantial evidence to cast doubt."
Williams argument, though masterfully creative, suffers from one fatal legal flaw-the plaintiff, not the defendant, still bears the burden of proof. Until the supreme court tells us what Williams argues it is thinking in silence, we must follow the court's instruction in West v. Bayou Vista Manor, Inc. Therefore, in order to find Williams' testimony alone sufficient, we must conclude no other evidence discredits or casts serious doubt upon his version, and his testimony is corroborated by the circumstances following the alleged incident. West, 371 So.2d at 1146. The corroborative evidence Williams presented was not so compelling nor was it left unrebutted by defendants.
Williams' argument that we should impose sanctions against his employer and award attorney's fees is rendered moot by our decision to affirm the workers' compensation judge's ruling.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed.
AFFIRMED.
NOTES
[1] The workers' compensation judge noted Dorland's Illustrated Medical Dictionary, 27th Edition indicates avascular necrosis is the direct result of a deficient blood supply.