799 So.2d 825 (2001)
Mandi DORE
v.
SYDRAN FOOD SERVICES II, L.P., d/b/a Burger King.
No. 01-728.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
*826 Scott J. Pias, Lake Charles, LA, Counsel for Plaintiff/Appellant Mandi Dore.
Travis R. LeBleu, Baton Rouge, LA, Counsel for Defendant/Appellee Sydran Services, Inc. and LWCC.
Court composed of SYLVIA R. COOKS, OSWALD A. DECUIR and ELIZABETH A. PICKETT, Judges.
COOKS, Judge.
Mandi Dore appeals the judgment of the Office of Workers' Compensation granting the employer's motion for directed verdict on the grounds she failed to prove she had an accident arising out of the course and scope of her employment. For the following reasons, we affirm.

FACTS
Mandi Dore was employed by defendant, Sydran Services II, in a Burger King restaurant. According to Ms. Dore, on March 19, 2000, she was cleaning the counter "in an environment of spices, cooking odors and cleaning solvent" when she sneezed. She felt a pop and suffered immediate pain. She went to West Calcasieu-Cameron Hospital complaining of right mid to low back pain. Five days later she was diagnosed at Hunter McGuire Medical Center with suffering from a broken rib.
Ms. Dore filed a disputed claim form with the Office of Workers' Compensation, contending she suffered a compensable work-related accident when she sneezed while at work on March 19, 2000. At the conclusion of plaintiff's case, the employer moved for a directed verdict, contending plaintiff failed to prove she had an accident while in the course and scope of her employment. The workers' compensation judge granted the directed verdict and dismissed plaintiff's claim. This appeal followed.

ANALYSIS
To establish entitlement to workers' compensation benefits, a claimant must prove by a preponderance of the evidence that an accident occurred during the course and scope of his employment; the accident caused his injuries; and the injury caused his disability. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979); Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3 Cir. 10/5/94); 643 So.2d 471, writ denied, 94-2736 (La.1/16/95); 648 So.2d 931.
Plaintiff argues in brief that, as a matter of law, she has discharged her burden *827 of proving a work-related accident. She states this court is "required to accept her uncontradicted and unchallenged testimony as true." In determining whether or not a claimant has discharged his or her burden of proof, the trier of fact should accept as true a witness' uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. Watkins v. Asphalt Assocs., Inc., 96-249 (La.App. 3 Cir. 12/4/96); 685 So.2d 393. The worker's testimony, alone, may be sufficient to discharge this burden of proof, provided that two elements are satisfied: (1) no other evidence discredits or casts serious doubt on the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). Louisiana courts consistently have interpreted the work-related accident requirement liberally, but the liberal construction of the statute does not relax the worker's burden of proof. Bruno, Id.; Williams v. Ravare Masonry Co., 00-329 (La.App. 3 Cir. 10/4/00); 774 So.2d 254, writ denied, 01-377 (La.3/30/01); 788 So.2d 1194.
Workers' compensation judges' findings are subject to the same standard of review as those of a district court judge. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706. Whether claimant discharged her burden of proof is a factual determination not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno, 593 So.2d 357. We must determine whether the testimony and evidence contained in the record establishes a reasonable factual basis does not exist for the workers' compensation judge's findings and the findings were clearly wrong/manifestly erroneous. See Mart v. Hill, 505 So.2d 1120 (La.1987). Applying the foregoing principles of review, we conclude the judgment was neither clearly wrong nor manifestly erroneous.
We find the workers' compensation judge had sound reason to question plaintiff's uncorroborated testimony. The medical records contradict plaintiff's contention that she was in good health prior to the alleged accident. Plaintiff was seen at Hunter McGuire Medical Center for complaints of mid-back and right flank pain on March 8, 2000, eleven days before she claimed she broke her rib while sneezing. She also complained of chest congestion. When plaintiff went to West Calcasieu-Cameron Hospital on March 19, 2000, she complained of pain in her right mid to lower back. She also stated the pain she felt was similar to the pain she experienced on March 8, 2000. She related the pain on March 8, 2000, to a "coughing episode."
Plaintiff alleged since she sneezed at work, she is entitled to workers' compensation. Plaintiff argued the odors and chemicals in the air caused her to sneeze. However, plaintiff testified she did not "know exactly what caused [her] to sneeze." She also testified she was suffering from a cold and congestion on March 19, 2000. No testimony was put forth that any other parties were having problems with the odors or chemicals at the work site during plaintiff's sneezing episode. Considering plaintiff's own testimony that she was suffering from a cold and congestion, the workers' compensation judge did not err in finding she failed to establish the alleged accident arose out of her employment.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is *828 affirmed. Costs of this appeal are assessed to plaintiff-appellant, Mandi Dore.
AFFIRMED.