635 So.2d 166 (1994)
James C. DOUCET
v.
BAKER HUGHES PRODUCTION TOOLS, et al.
No. 93-C-3087.
Supreme Court of Louisiana.
March 11, 1994.
Rehearing Denied April 22, 1994.
PER CURIAM.[*]
On April 23, 1990, James C. Doucet injured his lower back while working in the course and scope of his employment as a technical tools specialist for defendant Baker Hughes Production Tools ("Baker Hughes"). While moving some equipment in an attempt to clear a parking space for his truck, Mr. Doucet felt his back snap. He was initially examined by Dr. Scott Thompson, who referred him to Dr. Gregory Gidman, an orthopaedic specialist. X-rays taken by Dr. Gidman revealed Grade I spondylolisthesis at L5-S1, characterized by Dr. Gidman as a congenital defect of the pars interarticularis with spinal instability at the point of the defect. Due to the injury, Baker Hughes paid Mr. Doucet temporary total disability benefits through November 13, 1990.
Dr. Gidman saw Mr. Doucet on six occasions following the initial examination. Dr. Gidman noted improvement through therapy on each visit, but cautioned that it would be medically inadvisable for Mr. Doucet to return to his former employment because of an increased risk of reinjury. On September 10, 1990, Dr. Gidman released Mr. Doucet to limited work with no repetitive bending or lifting over fifteen pounds. On October 8, 1990, Dr. Gidman concluded that Mr. Doucet had reached maximum medical improvement and released him to medium duty work. The limitations placed by Dr. Gidman on Mr. Doucet included only occasional bending, squatting, and climbing stairs, with a maximum *167 lifting capacity of 50 pounds occasionally and 25 pounds frequently. These restrictions were maintained because of Mr. Doucet's spondylolisthesis which, in industrial terms, means Mr. Doucet has a Class V lumbar spine, the worst functional work capacity rating.
On October 24, 1990, Dr. Gidman narrated a progress report in which he stated, in pertinent part:
It is my feeling that Mr. Doucet can return to moderate type work. He should not return to heavy duty type work because of his spondylolisthesis at L5-S1. He has a grade V (five) spine. I think these restrictions would be placed on him regardless of whether or not he had an injury to his lower back. These restrictions are placed on him because of his spondylolisthesis.
Based mainly on this report, Travelers Insurance Company ("Travelers"), Baker Hughes' agent for administration of worker's compensation claims and benefits,[1] determined that Mr. Doucet had returned to his pre-accident condition and terminated his temporary total disability benefits. However, Baker Hughes then began to pay Mr. Doucet supplemental earnings benefits (SEB), but discontinued the SEB payments as well on December 18, 1990.
On January 25, 1991, Mr. Doucet filed a disputed claim for compensation with the Office of Worker's Compensation (OWC) against Baker Hughes and Travelers. Following trial of the matter, the hearing officer determined Mr. Doucet had sufficiently proved that, because of the accident, he was disabled from performing the duties of his pre-injury employment. The hearing officer awarded Mr. Doucet SEB of $1,186.80 per month and found that Baker Hughes' failure to continue SEB payments after December 18, 1990, was arbitrary and capricious. In accordance with this finding, the hearing officer ordered Baker Hughes to pay a 12% penalty on all due and unpaid compensation payments. Additionally, Baker Hughes was ordered to pay Mr. Doucet $5,000 in attorney's fees and assessed a 12% penalty on compensation payments issued late during May and June of 1990.
From this judgment, Baker Hughes appealed. A five judge panel of the Third Circuit court of appeal reversed the hearing officer's decision in its entirety, and ordered Mr. Doucet to bear the costs of the appeal. 626 So.2d 948. Two of the court of appeal judges concurred in part and dissented in part, concurring with the majority's reversal of the award of penalties and attorney's fees, but dissenting from the majority's reversal of the hearing officer's SEB award. Mr. Doucet applied for writs in this Court and, for the following reasons, we now amend the court of appeal's decision to reinstate the hearing officer's award of SEB to Mr. Doucet.[2]
In Louisiana it is well settled that an employee's disability is compensable if a pre-existing condition or disease is activated or precipitated into a disability manifestation as a result of work:
A plaintiff-employee's disability will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. [Citations omitted]. This presumption is not a conclusive one; rather, it compels the defendant to *168 come forward with sufficient contrary evidence to rebut it.
Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 831 (La.1982).
In the instant case, Dr. Gidman testified that Mr. Doucet's spondylolithesis preexisted his accident, and that he had returned to his pre-accident physical status. However, Dr. Gidman made it abundantly clear that Mr. Doucet is worse off now than before the accident because he is now symptomatic. In other words, though the physical condition of Mr. Doucet's back has not changed because of the accident, his disability status has been changed significantly due to the accident. Whereas Mr. Doucet was asymptomatic before the accident and able to perform his job, he is now symptomatic and unable to perform the same or similar work.
Dr. Shepard, defendant's independent medical examiner, also testified that in his opinion, Mr. Doucet's spondylolithesis preexisted his accident and remains unchanged after the accident. However, Dr. Shepard further testified that "a person who is pain-free from it [spondylolithesis] probably has less disability than a person that has the same spondylolithesis with pain." (Emphasis added).
Mr. Doucet testified that prior to the accident he had never sought treatment of any kind for back related problems, but that since the accident he is limited in his physical activities and has mild back pain on a daily basis. Mr. Doucet further testified that if he does do any physical labor, it tends to aggravate his back and make his pain worse.
On the basis of this testimony, the OWC hearing officer found that Mr. Doucet was entitled to supplemental earnings benefits. We agree. Given the standard set in Hammond, supra, Mr. Doucet is entitled to a rebuttable presumption that his disability is a result of his employment accident. As such, defendant bears the burden of producing sufficient contrary evidence to rebut the presumption. The hearing officer, on the basis of the testimony and documentary evidence produced at trial, obviously determined that Mr. Doucet had met his initial burden, was entitled to the Hammond presumption, and that defendants had failed to rebut the presumption. In our opinion, it can hardly be said that the hearing officer was "manifestly erroneous" or "clearly wrong" in finding that Mr. Doucet's disability resulted from his employment related accident.[3] The court of appeal therefore erred in reversing the hearing officer's SEB award.
THE COURT OF APPEAL DECISION IS AMENDED TO REINSTATE AWARD OF SUPPLEMENTAL EARNINGS BENEFITS AND AFFIRMED AS AMENDED.
DENNIS, J., not on panel.
HALL, J., concurs in the grant of the writ but dissents from the peremptory disposition. The case should be docketed for briefing, argument and an authored opinion.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3 of the Rules of the Supreme Court of Louisiana, Dennis, J., was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285, 286 n. 1 (La.1993).
[1] Constitution State Service Company, a subsidiary of Travelers Insurance Company, actually acted as the claims administrator for Baker Hughes. Only Baker Hughes and Travelers were named as defendants.
[2] As previously explained, the hearing officer, in addition to the SEB award, also found Baker Hughes termination of SEB payments arbitrary and capricious and ordered the defendants to pay a 12% penalty on all compensation payments due and owing. The hearing officer further ordered defendants to pay Mr. Doucet $5,000.00 in attorney's fees and a 12% penalty on compensation payments issued late during May and June of 1990. The court of appeal reversed the entire judgment of the hearing officer. Our decision today only reinstates the hearing officer's SEB award, affirming the court of appeal's decision in all other respects.
[3] The standard of review for findings of fact of a hearing officer in a worker's compensation case is "manifest error." See Charles v. Travelers Insurance Co., 93-0900 p. 9 (La.), 627 So.2d 1366, 1371-72; Virgil v. American Guaranty and Liability Ins. Co., 507 So.2d 825 (La.1987).