664 So.2d 693 (1995)
Donald W. DEW, Plaintiff-Appellant,
v.
V.I.S., INC. and Louisiana Employers Safety Association, Defendants-Appellees.
No. 95-141.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*694 J.E. Guglielmo Jr., for Donald W. Dew.
David Roy Dugas, Margaret Daniels Simon, for V.I.S., Inc.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
AMY, Judge.
Claimant appeals the hearing officer's dismissal of his claim for worker's compensation benefits due to the finding that he failed to prove by a preponderance of the evidence that the hernias from which he suffered were causally related to the October 14, 1993, work-related accident. For the following reasons, we affirm.

DISCUSSION OF THE RECORD
On October 14, 1993, while Donald Dew (claimant) was employed by V.I.S., Inc. (employer) as an electrician, he claimed that he sustained a work-related accident while pulling wire through a conduit. Although claimant sought medical treatment a few days later for lower back pain and was diagnosed with a lumbar muscle strain, claimant was released to light duty work and had no lost time from work until December 6, 1993, when claimant became disabled from working due to inguinal hernias.
Claimant filed a disputed claim for benefits, seeking total temporary disability benefits, medical benefits, and attorney's fees, for a December 17, 1993 inguinal hernia surgery, which he contends was caused by the work-related accident of October 14, 1993. The matter was tried on July 25, 1994, and on September 28, 1994 judgment was rendered in favor of the employer and Louisiana Employers Safety Association, Self Insured Fund, employer's insurer, because the hearing officer concluded that claimant failed to prove by a preponderance of the evidence that the October 14, 1993 accident caused the hernias.
Claimant timely perfected this appeal, contending that the hearing officer erred in the *695 following respects: (1) in finding that the hernias were not connected with claimant's work-related injury of October 14, 1993; (2) in denying benefits; (3) in failing to address whether statutory penalties were due for failing to furnish claimant's medical information; (4) in failing to award statutory penalties and attorney's fees; and (5) in neglecting the issue of employer's failure to provide wage information.

LEGAL PRINCIPLES
In the case before us, the hearing officer found that claimant failed to prove by a preponderance of the evidence that the October 14, 1993 accident caused the hernias. The factual findings of a hearing officer, including whether a claimant has sustained his burden of proof, are reviewed under the manifest errorclearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706; Autin v. Hessmer Nursing Home, 93-1492 (La.App. 3 Cir. 6/1/94), 638 So.2d 693, writ denied, 94-2212 (La. 10/7/94), 644 So.2d 634.
The manifest error test requires the reviewing court to consider the record as a whole to ascertain whether the trier of fact's findings constituted manifest error. Since the trier of fact's findings are accorded great weight on appeal, the Louisiana Supreme Court has announced a two-part test for appellate courts to reverse under the manifest error standard of review. First, the appellate court must conclude from the record that a reasonable factual basis does not exist for the trier of fact's findings. Second, the appellate court must further determine that the findings were clearly wrong based on the record. Stobart v. State through DOTD, 617 So.2d 880 (La.1993).
La.R.S. 23:1221(4)(r)(i) provides that "[i]n all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter."
On appeal, claimant contends that the hearing officer erred in failing to find that he suffered from a pre-existing hydrocele which was activated into the disabling hernia condition as a result of the October 14, 1993 accident.
To recover compensation benefits for the aggravation of a pre-existing condition, the claimant must prove by a preponderance of the evidence that the pre-existing condition is "activated or precipitated into a disability manifestation" by a work-related accident. Doucet v. Baker Hughes Production Tools, 93-3087 (La. 3/11/94), 635 So.2d 166, 167; See also Pitre v. Oilfield Production Contractors, 94-961 (La.App. 3 Cir. 3/8/95), 651 So.2d 980; Blanque v. New Orleans, 612 So.2d 948 (La.App. 4 Cir.1993).
An evidentiary presumption exists to assist some claimants in carrying their burden of proof: "[I]f before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition," the claimant's "disability will be presumed to have resulted from an employment accident." Doucet v. Baker Hughes Production Tools, 93-3087 (La. 3/11/94), 635 So.2d at 166, 167. While "[t]his presumption is not a conclusive one ... it compels the defendant to come forward with sufficient contrary evidence to rebut it." Doucet, 635 So.2d at 167-68. A claimant may rely on the presumption when there is no evidence that he suffered from the disabling symptoms prior to the accident. Mitchell v. Abbeville General Hosp., 93-1146 (La.App. 3 Cir. 4/6/94), 635 So.2d 540. Furthermore, a claimant is not entitled to rely on this presumption when the record does not demonstrate that the appearance of the symptoms of the disabling condition commenced shortly after the accident.
In the case before us, in written reasons for judgment, the hearing officer concluded that "as a whole, the medical testimony did not establish a reasonable possibility of causal connection between claimant's accident *696 and the inguinal hernia." In the first assignment of error, claimant contends that the hearing officer erred in not applying the presumption of causation.
In order to rely on this evidentiary presumption, claimant was required to first prove by a preponderance of the evidence that he was in good health before the October 14, 1993 accident. The record establishes that the claimant had a pre-existing hydrocele on the left side, but that the condition was not disabling and did not preclude claimant from engaging in gainful employment. Claimant had no serious illness other than pneumonia as a teenager and had never broken any bones. Thus, the first requirement was met.
Secondly, claimant was required to prove by a preponderance of the evidence that, commencing with the accident, the symptoms of the disabling condition appeared and continuously manifested themselves, provided the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition.
The record clearly demonstrates that symptoms of claimant's disabling hernia conditions did not appear and continuously manifest themselves commencing with the October 14, 1993 accident. Rather, the record affirmatively demonstrates that the disabling symptoms did not appear until five weeks after the October 14, 1993 accident, and that claimant only suffered from a mild lumbar strain as a result of the October 14, 1993 accident.
Claimant testified at trial that he felt a sharp pain in his back on Thursday October 14, 1993, while pulling wires through a conduit. He further testified that he reported the injury to his supervisor, James Cordray, and filed an accident report on Monday, October 18, 1993, that he had injured his lower back while pulling wire through a conduit on October 14, 1993. The accident report indicates that claimant reported only a "pulled muscle in lower back." Claimant saw Dr. Frank Robbins, employer's company physician, on October 20, 1993, at the Southern Emergency Center for lower back pain, was diagnosed with lumbar muscle strain, and released to return to light duty work. Dr. Robbins testified that claimant only complained of back pain and did not complain of low abdominal pain.
On December 3, 1993, claimant was seen by Dr. Dennis W. Fletcher, a family practitioner. Dr. Fletcher's history revealed that claimant had suffered from lower abdominal right inguinal discomfort for two weeks, which was worse with straining. Dr. Fletcher's history indicated that claimant had lifted an object three weeks earlier. Dr. Fletcher diagnosed claimant with a left scrotal hydrocele, palpated right inguinal hernia, and probable hydrocele.
On December 6, 1993, claimant returned to Dr. Robbins, complaining of a possible hernia. Claimant testified that while Dr. Robbins examined his left side and found a hydrocele, that the doctor refused to examine his right side. Dr. Robbins testified at his deposition that he found no hernia on this date and that claimant did not complain of pain in his right side.
On December 9, 1993, claimant was seen by Dr. Charles D. White, a surgeon. After a physical examination, claimant was diagnosed with having a painful right inguinal hernia as well as a large left hydrocele. Dr. White determined that bilateral inguinal hernia repair with hydrocelectomy with possible Marlex Mesh was indicated. Claimant went to University Medical Center in Lafayette to have the surgery on December 17, 1993. Dr. Thomas Boshell performed the surgery, mesh repair of bilateral inguinal hernias and drainage of left hydrocele. Claimant was disabled from December 6, 1993 until April 13, 1994.
Claimant testified at trial that he had no symptoms of a hernia until he noticed a bulge in his lower abdomen shortly before he went to see Dr. Fletcher on December 3, 1993, and that prior to this date he had only lower back pain and did not remember any pain in his abdomen.
Finally, the record clearly demonstrates that the evidence failed to show that there is a reasonable possibility of causal connection between the accident and the disabling condition.
*697 Dr. Fletcher testified that, in his history, claimant attributed the hernia to a lifting which occurred three weeks prior to the office visit of December 3, 1993. He also testified that claimant failed to mention the October 14, 1993 accident or that he had injured himself while pulling wires through a conduit. He testified that since he had no history of the October 14, 1993 accident, he could not relate the hernias to that accident. Furthermore, he testified that claimant's injury and history was consistent with a lifting accident occurring in November.
Dr. Robbins testified that in his opinion claimant's hernia was not caused by the October 14, 1993 accident. When asked if the October 14th accident was the onset of the hernia, he stated that "[m]y answer is a very definite `no' that anyone who is injured on October the 14th and complains only of back pain, no abdominal pain, no inguinal pain, no masses, no lumps and doesn't complain of a possible hernia until almost two months laterno." He explained that when the inguinal area is sufficiently strained or torn to begin the production of a hernia, it was his experience that the onset of pain in the lower abdomen was immediate and that inguinal hernias and hydroceles do not produce low back pain such as plaintiff suffered on October 14, 1993. With respect to causation, Dr. White testified that it was more probable than not that pain from a traumatically caused hernia will almost always start immediately after the accident and that it would be atypical to not experience pain until six weeks after the injury. Rather, he testified that it would be more probable that the hernias occurred as a result of the lifting that claimant described occurred in mid-November.
Since our review of the entire record indicates that there was no medical testimony or other evidence establishing that there was a reasonable possibility of causal connection between the October 14, 1993 accident and claimant's hernias, we conclude that the hearing officer did not err in concluding that claimant was not entitled to a presumption of causation.
Since claimant was not entitled to rely on the presumption of causation, it was incumbent upon him to establish that it is "more probable than not" that the October 14, 1993 work-related accident caused the hernias by a preponderance of the evidence, without the aid of any presumption. Ceasar v. Crispy Cajun Restaurant, 94-30 (La. App. 3 Cir. 10/5/94), 643 So.2d 471, writ denied, 94-2736 (La. 1/6/95), 648 So.2d 931. A showing of a mere possibility or mere speculation is insufficient to carry the preponderance of the evidence burden of proof. Pitre, 651 So.2d 980. Additionally, if the evidence is evenly balanced or leaves the cause of injury open to speculation, claimant has failed to sustain his burden of proof by a preponderance of the evidence. Pitre, 651 So.2d 980; Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2 Cir.1991). On review, we conclude that claimant failed to prove by a preponderance of the evidence that the October 14, 1993 work-related accident caused the hernias. Accordingly, the requirement of La.R.S. 23:1221(4)(r)(i) that "[i]n all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment" was not met and claimant is not entitled to any worker's compensation benefits. Accordingly, the first and second assignments of error lack merit. Furthermore, claimant is not entitled to statutory penalties and attorney's fees, and the fourth assignment of error lacks merit. In the third and fifth assignments of error, claimant succinctly and without citing any controlling authority contends that the hearing officer committed reversible error in failing to address defendants' refusal to supply medical and wage information to claimant. Based on our resolution of the other issues in this case and our review of the record as a whole, we are unable to conclude that any failure of the hearing officer to address these issues constitutes reversible error.

DECREE
The hearing officer's judgment is affirmed. All costs of this appeal are assessed to the claimant.
AFFIRMED.