1 gDALEY, Judge.
This is an appeal by the claimant, Sharon French, from a judgment denying her claim for workers’ compensation benefits. For the reasons which follow, we affirm the decision of the trial court.
FACTS:
Sharon French is a certified registered nurse anesthetist. She was employed by the Louisiana Health Care Authority as a clinical instructor at the school of nurse anesthesiology located at Charity Hospital in New Orleans from March 1989 until May 1996. After being terminated from her position, she filed a claim for workers’ compensation claiming her supervisors increased her mental and physical stress which resulted in the worsening of her pre-existing condition of irritable bowel syndrome and fecal incontinence.
At trial, Ms. French testified that at the time she was hired in 1989, she | ¡¡informed her supervisors she had health problems. One supervisor, Dr. Mohammed Naraghi suggested she visit a gastroenterologist. Following this suggestion, she was examined by Dr. James Lily, who diagnosed irritable bowel syndrome. Ms. French explained there is no treatment for this condition, which caused her to suffer bouts of diarrhea and fecal incontinence.
In February of 1996, Ms. French was summoned to the office of the head of the department of anesthesia, Dr. Naraghi. She testified that Dr. Naraghi began screaming at her in the presence of the director of the school, Rick Barrow. Ms. French was confused as to why Dr. Nara-ghi was upset but understood that he did not want her to continue to call students at home. Dr. Naraghi instructed her to have contact with students only at work. She testified that after this incident, she began to having increased incidences of diarrhea. Prior to this incident, she experienced fecal incontinence approximately one time per month. After this incident, she began to experience fecal incontinence two to • three times per week.
Ms. French testified that in March of 1996, she was again summoned to Dr. Nar-aghi’s office where she was given several evaluation forms filled out by students. The evaluations were unfavorable to Ms. French. She was informed that she would no longer be teaching students. She was transferred to the one day surgery area of the hospital, where her duties changed from teaching students to interviewing surgical patients.
Ms. French testified that the fecal incontinence prevented her from performing the duties of a nurse anesthetist in the operating room. Although she did not testify as to any episodes of fecal incontinence in the operating room, she did testify as to an episode of fecal incontinence while working in one day surgery. She testified that the more she felt like she was in danger of losing her job, the more her diarrhea and *449 | incontinence were a problem. On May 26, 1996, while at work, Ms. French received notice that she was terminated. She stated her condition improved about a year following her discharge.
Dr. Mohammed Naraghi testified that he had known claimant since she was an anesthesia student in 1973. In February 1996, he received a complaint regarding Ms. French’s conduct. He conducted an investigation into this complaint and learned that Ms. French was calling students at home to discuss sex, using foul language in the operating room, and abusing students by using excessive intimidation. Dr. Naraghi explained that this conduct was in violation of the standards needed to maintain the school’s accreditation. He called Ms. French into his office and told her she could not continue this unprofessional behavior. Dr. Naraghi denied screaming at Ms. French, although he testified that he was very firm, and was “not nice.” He offered her a position at another hospital under his direction, not involving contact with students, which claimant refused. She was then transferred to one day surgery, where her duty was to interview patients. This transfer did not involve a reduction in pay.
Dr. Naraghi testified that after her transfer, Ms. French continued to come to the surgery floor and speak to other instructors and students. There were also reports of claimant threatening fellow employees. Complaints by other instructors to the medical director resulted in Ms. French’s termination.
Dr. Naraghi denied knowledge of Ms. French’s irritable bowel syndrome and incontinence. He testified that the anesthesia department is staffed in such a way, that there are personnel available to relieve anyone who needs to use the bathroom. He explained that there are people in the operating area who are not assigned to any particular room, rather they go from room to room to assist as needed. Dr. Naraghi ^testified that had Ms. French discussed her incontinence with him, she would have been accommodated.
Richard Barrow, the program director of the school, was claimant’s immediate supervisor. Mr. Barrow was present for the February meeting in which Dr. Nara-ghi discussed Ms. French’s unprofessional behavior. Mr. Barrow testified that this unprofessional behavior included cursing, intimidating, yelling, and verbally abusing students. Mr. Barrow stated Dr. Naraghi was very upset at this meeting, and spoke in an “above normal tone of voice,” but denied that he screamed at claimant. Mr. Barrow denied knowledge of Ms. French’s bowel condition.
The deposition of Dr. David Silvers, an expert in internal medicine with a sub specialty in gastroenterology, was admitted into evidence. Dr. Silvers first examined claimant on June 25, 1996. She gave a history of irritable bowel syndrome with “projectile unpredictable stools.” Dr. Silvers testified that the irritable bowel syndrome does not cause Ms. French to have fecal incontinence, rather the incontinence is caused by a weak sphincter muscle. If Ms. French were younger and not overweight, she may not have incontinence. Irritable bowel syndrome is a lifelong, chronic condition which is exacerbated by stress. Although he did not recall the details, it was his impression that the irritable bowel syndrome had exacerbated just prior to her first visit.
Dr. Silvers enrolled Ms. French in a clinical study for persons suffering from irritable bowel syndrome. This study involved taking medication for twelve weeks. During this time, Ms. French returned to Dr. Silvers’ office for monitoring. Dr. Silvers testified that Ms. French did not respond to the drug, as she experienced serious bouts of diarrhea while on the drug.
Dr. Silvers testified that he and Ms. French did not discuss her stress level | fiwhile she was participating in the study. He stated that the normal stress experienced by Ms. French in her job as an *450 anesthetist could have cause the diarrhea and incontinence. During Dr. Silvers’ treatment of Ms. French, she experienced diarrhea three to four times per week. He explained that Ms. French does not have to experience any type of stressful stimulus for the diarrhea to occur.
Dr. Silvers opined Ms. French is disabled from working as an anesthetist in the operating room. He went on to state that the type of job she could perform depends on the stress level in the job. Dr. Silvers does not expect her condition to improve.
In denying Mrs. French’s claim, the trial court stated:
Claimant has failed to prove that she experienee[d] extraordinary work stress as required by the statute. Additionally, the mental stress was not sudden and unexpected as required by the statute. The claimant has not met the requisite burden of proof by clear and convincing evidence.
DISCUSSION:
The finding of whether a claimant in a workers’ compensation suit has carried his burden of proof is a question of fact, which may not be set aside in the absence of manifest error. Andrews v. Music Mountain Water Co., 25,634 (La. App. 2 nd Cir. 4/6/94), 637 So.2d 571. In reviewing a finding of fact, the appellate court must consider the record as a whole to determine if there was manifest error. To reverse a finding of fact, the appellate court must first conclude that a reasonable factual basis does not exist for the trier of fact’s finding. Dew v. I.S., Inc., 95-141 (La.App. 3rd Cir. 11/2/95), 664 So.2d 693. Secondly, the reviewing court must determine the findings were clearly wrong based on the record. Id.
In denying claimant benefits, the hearing officer relied on the provision in the statute relating to mental injury caused by mental stress. This provision allows recovery only when “the mental injury was the result of a sudden, unexpected, and |7extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.” LSA R.S. 23:1021(7) (b).
On appeal, claimant contends the trial court committed reversible error in applying the clear and convincing standard. Claimant argues that since she is alleging aggravation of a pre-existing condition, the proper burden is that of preponderance of the evidence. She contends she met this burden of proof. We note that plaintiff is seeking to recover for a physical injury caused by mental stress. The statutory provisions provide for recovery of mental injury aggravated by mental stress, but do not offer guidelines for physical injury caused by mental stress.
In order to recover compensation benefits for the aggravation of a preexisting condition, claimant must prove by a preponderance of the evidence that the pre-existing condition is “activated or precipitated into a disability manifestation” by a work-related accident. Dew, supra at 695. An accident is defined as
... an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
LSA R.S. 23:1021(1).
• The alleged “accident” in this case is the reprimand claimant received in late February 1996. Even if we were to find the reprimand was a “precipitous event happening suddenly or violently,” claimant has failed to carry her burden of proving objective findings of an injury as a result of this event. She testified as to an increased incidence of diarrhea and incontinence following the event, and one incident of incontinence while working in one day surgery; however, there were no objective findings to support her testimony. The *451 testimony of her treating physician, Dr. Silvers, was unclear regarding the timing of the exacerbation of her symptoms. Dr. Silvers testified claimant’s diarrhea and incontinence can occur from normal | Reveryday stress and even in the absence of stress. Moreover, Dr. Silvers testified that the nature of irritable bowel, syndrome is such that at anytime it could improve or get worse. Claimant worked from February 1996 until May 1966 without her condition interfering with her job duties.
In Brewington v. Summit Inst., 96-694 (La.App. 8 Cir. 1/8/97), 689 So.2d 498, the Court affirmed the hearing officer’s denial of benefit's to a claimant who alleged she suffered a physical injury due to mental stress. The claimant argued she did not have to meet the heightened burden of proof required in mental injury due to mental stress. Rather,. claimant argued her burden was to show by a preponderance of evidence that on the job stress caused her injury. In affirming the denial of benefits, the Court held the preponderance of evidence burden does not relieve plaintiff from showing the stress she allegedly endured was “extraordinary mental and emotional stress related to her employment.”
More recently, in Edwards v. Fischbach & Moore, Inc., 31,372 (La.App. 2 nd Cir. 12/9/98), 722 So.2d 344, the Second Circuit denied benefits to a claimant alleged to have suffered gastrointestinal problems due to mental stress from his job. In Edivards, the claimant suffered from diarrhea, rectal bleeding, cramping, and stomach tenderness. He was diagnosed as having either a mild case of Crohn’s disease or .irritable bowel syndrome. In denying benefits due to claimant’s failure to' carry his burden of proof, the Court noted claimant’s treating physician testified that claimant’s condition was not caused or aggravated by stress.
We find that .claimant’s proof was insufficient, even under the lighter preponderance of the evidence standard. Although Ms. French identified 'events she claimed aggravated her condition, she failed to present evidence sufficient to connect these events with her disability. The hearing officer did not commit manifest error, |9as her ruling is supported by the record.
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.