DOUCET, Chief Judge:
Claimant, Montie Lou (Midkiff) Wilson, appeals a judgment of an Office of Workers’ Compensation (OWC) judge dismissing her petition for benefits. We affirm that judgment.
FACTS
According to Claimant, a cashier at the Leesville Wal Mart store, on January 9, 1998, she slipped and fell while retrieving a box of plastic bags for use at her register. Ms. Wilson claims that after reaching up to the shelf on which the bags were stored, she stepped backwards, slipped and fell to a seated position injuring her low back and neck. The alleged accident was unwit-nessed. However, a Wal Mart supervisor discovered her sitting on the floor, an accident report was filled out, and Ms. Wilson was referred to Dr. Tom Wong, Wal Mart’s choice of physicians. Thereafter, Wal-Mart began paying benefits.
On September 29, 1999, Ms. Wilson filed a WC Form 1008, seeking payment of medical and travel expenses. Thereafter, on May 10, 2000, Wal-Mart discontinued benefits. This trial followed.
LAW AND DISCUSSION
In Bryan v. Allstate Timber Co., 98-840, pp. 2-4 (La.App. 3 Cir. 12/16/98); 724 So.2d 853, 855, a panel of this court set out the law and jurisprudence applicable to this case stating:
It is well settled in workers’ compensation cases that appellate courts are required to apply the “manifest error-clearly wrong” standard of review. To determine whether manifest error occurred below, an appellate court must review the record in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706. Factual findings of the workers’ compensation judge may not be set aside unless they are manifestly erroneous or clearly wrong. Key v. Insurance Co. of North America, 605 So.2d 675 (La.App. 2 Cir.1992). Great weight is given the workers’ compensation judge’s factual conclusions, reasonable evaluations of credibility, and reasonable inferences of fact. Dixon v. Louisiana Restaurant Ass’n, 561 So.2d 135 (La.App. 3 Cir.1990).
[[Image here]]
La.R.S. 23:1031 requires a workers’ compensation claimant to initially, estab *807 lish “personal injury by accident arising out of and in the course of his employment.” Bruno v. Harbert International, Inc., 593 So.2d 357, 360 (La.1992). An accident, for purposes of workers’ compensation law, is defined in La.R.S. 23:1021(1) as follows:
“Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
To recover workers’ compensation benefits, a claimant must establish by a preponderance of evidence that an accident occurred on the job site and that an injury was sustained. Garner v. Sheats & Frazier, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Garner, 663 So.2d at 60. The evidence is viewed in a light most favorable to the claimant. When there is proof of an accident and attendant disability, without an intervening cause, it is presumed that the accident caused the disability. Additionally, the trier of fact’s determination as to whether a compensable injury was suffered is a question of fact and will not be disturbed unless manifestly erroneous or clearly wrong. Dew v. V.I.S., Inc., 95-141 (La.App. 3 Cir. 11/2/95); 664 So.2d 693.
In his oral reasons for judgment, the OWC judge stated:
The Court concludes from all of this conflicting evidence that Ms. Wilson has failed to prove by a preponderance of the evidence, because her credibility is entirely lacking, that she sustained an accident on January 9th of 1998. Even if Ms. Wilson had sustained an accident on that date, there is no indication from a complete and total review of her | smedical records that she aggravated any conditions and made them worse than they were prior to any alleged accident.
The medical records are replete and show definitely that Ms. Wilson was in severe pain before the accident, was inquiring about workers’ compensation the day before her aheged accident, had tried to get — had been on short-term disability, had tried to get social security disability.
On appeal, Claimant argues the OWC judge erred in finding Claimant failed to prove she sustained a work-related accident which resulted in a disability. We disagree. As the “accident” was unwit-nessed, her testimony had to be “corroborated by the circumstances following the accident.” In the case sub judice, both the circumstances preceding and following the accident militate against Claimant’s allegations that she sustained a work-related injury.
The OWC judge, as did we, examined Claimant’s extensive medical records, which date back to the late 1980’s. The OWC judge chronologically documented Claimant’s visits to numerous physicians, beginning in October 1996, for symptoms she claims only began after her alleged accident. In particular, we note that Claimant was on a medical leave of absence from her job at Wal Mart from January to June of 1997, that she had applied for and was refused Social Security disability benefits on two occasions, and that on January 5, 6 and 8, 1998, she visited Dr. John Hearn with complaints of *808 neck and shoulder pain. During the visit of January 8, 1997, she requested a letter stating she was disabled from work due to previously diagnosed compressed discs in her cervical spine. We also note that on her visit to Dr. Hearn on January 15, 1998, less than one week after her alleged accident, she failed to mention any adverse physical event at work since her last visit. Finally, we note that Claimant’s testimony at the trial of the matter was not very credible. Her testimony |4did not appear to be straight forward and she conveniently failed to remember adverse events such as Dr. Chanh Vinh refusing to continue treating Claimant in May of 1996 because of her visiting several doctors “at the same time,” and a notation in Dr. Hearn’s records of June 22, 2000, stating that she suffers from “[n]arcotic dependence.”
In sum, our review of the OWC judge’s oral reasons for judgment issued January 9, 2001, and Claimant’s medical records convinces us that the OWC judge’s conclusion that either Ms. Wilson did not sustain an accident on the day in question or, if she did, she failed to prove “that she aggravated any conditions and made them worse than they were prior to any alleged accident,” is neither manifestly erroneous nor clearly wrong.
Accordingly, for the reasons stated above, the judgment of the Office of Workers’ Compensation is affirmed. All costs of this appeal are assessed against Claimant/Appellant, Montie Lou Wilson.
AFFIRMED.