hPICKETT, J.

FACTS

Dorothy Poullard worked as a technician/cook at the St. Edmund’s school cafeteria in Eunice. On May 23, 2000, Poul-lard and a co-worker were moving a meat slicer from one table to another. Mrs. Poullard said when she attempted to do this, she felt a sharp pain on her left side up into her ribs. She did not report this to anyone at the time.
Throughout the summer, Mrs. Poullard complained of various problems, including pain, weakness and numbness in her legs. She says these problems began within a week of May 23, 2000. She did not complain of back pain until the beginning of August. On August 18, 2000, she went to the emergency room at Opelousas General Hospital complaining of leg and lower back pain. Soon afterward, Dr. White ordered an MRI, which indicated she had damaged discs in her lower back which eventually required surgery.
Mrs. Poullard alleges this disc injury occurred when she and her co-workers moved the meat slicer in May. She simply did not realize she had injured herself, which had been the source of her problems throughout the summer, until she had the MRI in late August 2000.
Mrs. Poullard filed a disputed claim for workers’ compensation benefits on October 26, 2000. Trial was held on September 26, 2001. A judgment denying the claim for benefits was signed on October 3, 2001. From that judgment, Poullard appeals.

DISCUSSION

The appellant argues only one assignment of error, that the workers’ compensation judge committed manifest error in finding that the claimant failed to |2prove that her injury and disability were causally related to the alleged accident of May 23, 2000.
In Bryan v. Allstate Timber Co., 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98); 724 So.2d 853, 855, this court discussed the law applicable to this case, stating:
La.R.S. 23:1031 requires a workers’ compensation claimant to initially establish “personal injury by accident arising out of and in the course of his employment.” Bruno v. Harbert International, Inc., 593 So.2d 357, 360 (La.1992). An accident, for purposes of workers’ compensation law, is defined in La.R.S. 23:1021(1) as follows:
“Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
To recover workers’ compensation benefits, a claimant must establish by a preponderance of evidence that an accident occurred on the job site and that an injury was sustained. Garner v. Sheats & Frazier, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) *503 the worker’s testimony is corroborated by the circumstances following the alleged incident. Garner, 663 So.2d at 60. The evidence is viewed in a light most favorable to the claimant. When there is proof of an accident and attendant disability, without an intervening cause, it is presumed that the accident caused the disability. Additionally, the trier of fact’s determination as to whether a compensable injury was suffered is a question of fact and will not be disturbed unless manifestly erroneous or clearly wrong. Dew v. V.I.S., Inc., 95-141 (La.App. 3 Cir. 11/2/95); 664 So.2d 693.
The workers’ compensation judge’s judgment stated, “Claimant failed to prove that her injury and disability were causally related to the alleged incident on May 23, 2000.”
Appellate courts review findings of fact by a trial court under the manifest error standard of review. An appellate court may not reverse a factual finding of a trier ofj^fact unless it is clearly wrong or manifestly erroneous. Resell v. ESCO, 549 So.2d 840 (La.1989).
We have reviewed the evidence in its entirety. There is evidence which supports the appellant’s position. However, there is also evidence to support the ruling of the workers’ compensation judge. It is clear that credibility determinations had to be made by the workers’ compensation judge to reach his conclusions. As an appellate court, we are precluded from second-guessing those credibility determinations. We cannot find the judgment below manifestly erroneous as there is evidence in the record to support the ruling. Accordingly, the judgment is affirmed.
AFFIRMED.