JgPETTIGREW, J.
In this case, defendants appeal a judgment of the Office of Workers’ Compensation finding that claimant’s preexisting condition was aggravated during the course and scope of her employment and awarding claimant supplemental earnings benefits and medical benefits. For the reasons that follow, we amend and affirm.
FACTS AND PROCEDURAL HISTORY
Claimant, Lisa Friedley, was employed by Alexander Electrical, Inc. to perform construction work. On December 6, 2000, as Ms. Friedley was attempting to cover and protect a threading machine from the rain, a co-worker walked behind her and accidentally struck her hand, knocking Ms. Friedley to the ground. Ms. Friedley was taken to the safety department, where she was told to go home and apply ice to her hand. She returned to work the following day, but was taken to a doctor[1] who ordered x-rays of her hand. The doctor advised Ms. Friedley that she had a cyst on the fifth metacarpal of her left hand and recommended that she see a specialist. In the meantime, the doctor wrapped Ms. Friedley’s hand and sent her back to work with a light-duty restriction.
Ms. Friedley subsequently saw Dr. David Pope, an orthopedic surgeon. Dr. Pope diagnosed Ms. Friedley with a tumor on the fifth metacarpal of her left hand and recommended the tumor be removed. Dr. Pope then referred Ms. Friedley to one of his partners, Dr. Robert Brennan, an orthopedic surgeon who specializes in problems associated with the hand.
According to Dr. Brennan, the type of tumor on Ms. Friedley’s finger is not caused by trauma. Dr. Brennan explained that this type of tumor did not form over the course of a couple of days. Although Dr. Brennan indicated the tumor was probably benign, he noted that Ms. Fried-ley was at a high risk of fracturing the affected finger because of the weakened condition of the bone. Dr. Brennan al *433 lowed Ms. Friedley to continue to work, 13but advised her not to do any lifting and to take preventative measures when performing repetitive activities in order to avoid placing stress on her finger. Dr. Brennan testified that once the tumor was removed, Ms. Friedley would have a splint or cast on her hand for four to six weeks, followed by range of motion exercises.
Ms. Friedley testified that she experienced pain in her finger immediately following the December 6, 2000 accident and that she was told the pain would not subside unless the tumor was removed. Ms. Friedley indicated that since the accident, her left hand has been in a half-cast splint. From December 6, 2000 until January 30, 2001, at which time her employment was terminated, Ms. Friedley performed light duty work such as office work, running errands, answering the phone, and sweeping. According to Ms. Friedley, she has not been employed since January 30, 2001.
On February 16, 2001, Ms. Friedley filed a disputed claim for compensation seeking wage benefits and medical treatment. Following a hearing, the workers’ compensation judge found that Ms. Friedley injured her left hand in the course and scope of her employment by aggravating a preexisting tumor. In a judgment rendered on September 6, 2001, the workers’ compensation judge ordered as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that:
1. The claimant ... injured her left hand by accident in the course and scope of her [employment] with the defendant on December 6, 2000; said injury aggravated and made symptomatic a pre-ex-isting tumor.
2. The claimant is awarded Supplemental Earnings Benefits at the Temporary Total Disability rate from January 31, 2001 and continuing under the Act, together with legal interest of 8.241% on each installment's it came due until paid; said award totaling $9792.09, without interest, on the date of trial.
3. The claimant is awarded surgical removal of the tumor and all related costs under the fee schedule and all costs of these proceedings.
4. No penalties or attorney’s fees are awarded as the claim was reasonably controverted.
It is from this judgment that Alexander Electrical, Inc. and its insurer, CNA Insurance Companies (hereinafter collectively referred to as defendants), have appealed, assigning the following specifications of error:
|41. The workers’ compensation judge committed legal error in assigning a legal presumption that the plaintiffs tumor was caused by or worsened because of her employment, where the uncontra-dicted medical evidence from two ortho-paedic surgeons shows otherwise.
2. The workers’ compensation judge committed legal error in awarding workers’ compensation indemnity benefits in the complete absence of any evidence to support such an award.
3. The trial court committed manifest error in ordering the employer to pay for the surgical excision of a pre-existing tumor that was not worsened by any employment-related incident.
ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
Defendants argue that because both Dr. Berryhill[2] and Dr. Brennan indicated that trauma could not cause the type of tumor on Ms. Friedley’s hand, the workers’ compensation judge erroneously ap *434 plied the causal presumption between the December 6, 2000 accident and the tumor. Defendants further contend that because there is no evidence that Ms. Friedley’s tumor was caused or worsened by a work-related injury, there is no factual or legal justification for them to be ordered to bear the cost of surgical removal of the tumor. While we note that the evidence is clear that such a tumor is not caused by trauma, the evidence also indicates that the effects of the tumor on Ms. Friedley’s finger did not become symptomatic until the December 6, 2000 accident.
The law is well established that an employer takes an employee as it finds her. The fact that disease alone might have disabled the employee in its ordinary course of progress is not the inquiry. Barber Brothers Contracting Company v. Cuccia, 98-0675, p. 3 (La.App. 1 Cir. 4/1/99), 734 So.2d 820, 822, writ denied, 99-1258 (La.6/18/99), 745 So.2d 31. As noted by the supreme court in Doucet v. Baker Hughes Production Tools, 93-3087 (La.3/11/94), 635 So.2d 166 (per curiam), an employee’s disability is compensable if a preexisting condition or disease is activated or precipitated into a disability manifestation as a result of work:
A plaintiff-employee’s disability will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the j ¡^disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. [Citations omitted]. This presumption is not a conclusive one; rather, it compels the defendant to come forward with sufficient contrary evidence to rebut it.
Doucet, 93-3087 at 3, 635 So.2d at 167-168 (citing Hammond v. Fidelity & Casualty Company of New York, 419 So.2d 829, 831 (La.1982)).
Ms. Friedley testified that prior to the December 6, 2000 accident, she had not experienced any problems with her hand. At the time of the accident, she felt immediate pain, which had not subsided as of the time of trial. Following discovery of the tumor, she was placed on light duty because of the likelihood that her finger could be fractured. According to Ms. Friedley, she was told that the only way her pain would be relieved would be to have the tumor removed.
Although Dr. Brennan testified the tumor was not caused by trauma, he indicated it was possible for someone with this type of tumor to be pain free. Dr. Brennan explained that when Ms. Friedley’s hand was struck, it could have caused inflammation in the region, aggravating the condition. Dr. Brennan indicated, however, that notwithstanding this work-related incident, Ms. Friedley’s condition “most likely would have become symptomatic” due to a defect in the affected finger.
Despite the existence of Ms. Fried-ley’s tumor prior to the accident, it was asymptomatic. The disabling condition began only when the tumor became painful, i.e., symptomatic, as a result of the employment-related accident. Accordingly, the workers’ compensation judge correctly applied the presumption. Further we note the jurisprudence recognizes that although employers do not “pay for every flare-up,” they must compensate claimants who prove a disabling aggravation of prior, asymptomatic conditions as a result of an on-the-job injury. Barber Brothers Contracting Company, 98-0675 at 3, 734 So.2d at 822. Given the fact that Ms. Friedley’s tumor was aggravated by a work-related accident, we find no error in the workers’ *435 compensation judge’s decision to cast the defendants with medical expenses associated with the cost of removal of the tumor. These assignments of error are without merit.
I «ASSIGNMENT OF ERROR NUMBER TWO
Under the provisions of La. R.S. 23:1221(3)(a), an employee is entitled to receive supplemental earnings benefits ' (SEBs) if she sustains a work-related injury that results in her inability to earn ninety percent or more of her average pre-injury wage. Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in her inability to earn that amount under the facts and circumstances of the individual case. In this analysis, the court must be mindful of the jurisprudential tenet that workers’ compensation is to be liberally construed in favor of coverage. In determining whether a finding that an employee has met the initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine the record for all evidence that bears upon the employee’s inability to earn ninety percent or more of his pre-injury wages. Seal v. Gaylord Container Corporation, 97-0688, pp. 7-8 (La.12/2/97), 704 So.2d 1161, 1166. Factors that have been considered in determining whether a claimant can earn ninety percent of her pre-injury wage include the employee’s age, education, job skills, and work history. See Seal, 97-0688 at 9-10, 704 So.2d at 1166-1167.
The record reflects that Ms. Friedley was 37 years old at the time of this incident. Ms. Friedley, who is right handed, has been diagnosed as having a tumor on the fifth metacarpal of her left hand. Although she was engaged in construction work at the time of this accident, Ms. Friedley also possesses a certificate that qualifies her to be a nursing assistant; however, no evidence was presented regarding whether she could work as a nursing assistant with the restrictions placed on her.
Since the time of the accident, Ms. Friedley has experienced pain in her left hand and has worn a half-cast splint. Following the accident, Ms. Friedley performed light-duty work such as office work, answering the telephone, running errands, and sweeping. No other evidence of Ms. Friedley’s work history was introduced. In fact, Ms. Friedley testified that she had not applied for any jobs or looked for work since being terminated.
According to Dr. Brennan, once the tumor is removed from Ms. Friedley’s finger, she will have a splint or cast on her hand for four to six weeks, followed by range of |7motion exercises. Although Dr. Brennan did not specifically address the issue of whether Ms. Friedley would be able to work following the surgery, one could infer from Dr. Brennan’s testimony that she will be unable to work for approximately eight weeks.
Considering the testimony of Ms. Fried-ley and Dr. Brennan, we find that the record does not support the workers’ compensation judge’s award of SEBs to Ms. Friedley. In oral reasons for judgment, the judge noted that Ms. Friedley was entitled to SEBs from the date she was terminated, January 30, 2001, through the date of the trial, August 6, 2001, which was determined to be $9,792.09 for twenty-seven weeks. Based on our review of the record, we conclude that an award of SEBs for a period of only eight weeks is more appropriate. Thus, we amend the workers’ compensation judge’s judgment accordingly.
CONCLUSION
Having thoroughly reviewed the instant record, we are satisfied that the workers’ *436 compensation judge properly applied the presumption that Ms. Friedley’s preexisting tumor was made symptomatic as a result of the December 6, 2000 accident. Moreover, because the aggravation of her preexisting condition was caused by an accident in the course and scope of her employment, we conclude that the workers’ compensation judge properly awarded all costs associated with removal of the tumor. Accordingly, the judgment is affirmed in those respects. However, that portion of the judgment awarding Ms. Friedley SEBs is amended to reflect an award for only eight weeks, or $2,903.44, plus legal interest on each installment as it came due until paid.[3] All costs associated with this appeal are assessed equally between the parties.
AMENDED AND AS AMENDED, AFFIRMED.

. The testimony does not contain the name of the first doctor who treated Friedley and placed her on light-duty work restrictions.

. Dr. Berryhill performed a “Peer Analysis Review” for the defendants in this case.

. The parties stipulated at trial that Ms. Fried-ley's average weekly wage at the time of this incident was $544.40, resulting in a corresponding indemnity rate of $362.93.