McClendon, j.
 

 12An employee seeks review of an Office of Workers’ Compensation (OWC) judgment dismissing her disputed claim for compensation for a shoulder surgery she alleges was necessitated by a work-related injury. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 The factual background surrounding Tracie Russell’s employment with Regency Hospital of Covington, LLC (Regency) and her June 2005 work-related injury to her left shoulder was set forth in this court’s prior opinion in
 
 Russell v. Regency Hosp. of Covington, LLC,
 
 08-0538 (LaApp. 1 Cir. 11/4/08), 998 So.2d 301,
 
 rehearing denied,
 
 wherein this court reviewed an OWC ruling in connection with Russell’s first disputed claim for compensation.
 

 Subsequent to the filing of the first disputed claim, Russell filed a second claim against Regency and its workers’ compensation insurer, American Casualty Company (defendants). In her second claim filed with the OWC, Russell asserted that the work-related injury to her left shoulder necessitated surgery as recommended by her treating physician, Dr. Mark Hontas. Because the defendants did not approve the surgery, Russell also sought “statutory penalties, attorney’s fees [and] legal interest on same.” In response, defendants answered the claim, denying “claimant’s entitlement to shoulder surgery by Dr. Mark Hontas, statutory penalties, attorney’s fees, or legal interest.” Defendants urged that Russell’s need for shoulder surgery was not causally related to her accident at work.
 

 Following trial on the merit s, the OWC judge found that Russell “failed to carry her burden of proof that the left shoulder surgery recommended by her treating physician is related to her work injury of June 2, 2005” and dismissed Russell’s suit with prejudice. Russell has filed the instant appeal, asserting that she made the requisite showing that the recommended shoulder surgery was causally connected to her work injury. Russell also seeks review of the OWC’s |sdenial of her statu
 
 *1053
 
 tory penalties in connection with the defendants’ failure to authorize the surgery.
 

 DISCUSSION
 

 Russell contends that the record is devoid of any suggestion that the left shoulder surgery recommended by Dr. Hontas is necessary because of anything other than the work accident. Russell notes that in the prior opinion, this court established the following: 1) Russell was an employee at Regency at the time of the injury; 2) a work injury did occur in June 2005 during that employment; 3) the accident and injury arose out of and occurred within the course and scope of that employment; and 4) the injury produced left shoulder problems. Russell argues that although Dr. Hontas did not specifically state that the recommended shoulder surgery was necessitated by the work-related accident, Dr. Hontas’ records, when taken as a whole, disclose only treatment and evaluation for the work injury, and the only logical or reasonable conclusion is that Dr. Hontas knew he was treating and evaluating a work injury.
 

 Russell asserts one may speculate or hypothesize that something other than the work-related accident produced a bone spur in her shoulder, but avers that there is no proof or extant opinion to support that supposition. Russell further contends that even if such proof did exist, aggravation of any underlying condition is nonetheless compensable under the Louisiana Workers’ Compensation Act, LSA-R.S. 23:1021
 
 et seq.
 
 In
 
 Friedley v. Alexander Electrical, Inc.,
 
 02-0292 (La.App. 1 Cir. 12/20/02), 836 So.2d 430,
 
 writ denied,
 
 03-0237 (La.3/28/03), 840 So.2d 579, the court noted:
 

 A plaintiff-employee’s disability will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. [Citations omitted]. This presumption is not a conclusive one; rather, it compels the defendant to come forward with sufficient contrary evidence to rebut it.
 

 Friedley,
 
 02-0292 at pp. 4-5, 836 So.2d at 434,
 
 citing Doucet v. Baker Hughes Prod. Tools,
 
 93-3087, p. 3 (La.3/11/94), 635 So.2d 166,167-68. As such, the court recognized that employers “must compensate claimants who prove a disabling aggravation of prior, asymptomatic conditions as a result of an on-the-job injury.”
 
 Friedley,
 
 02-0292 at p. 5, 836 So.2d at 434. Russell concludes that even if she had an asymptomatic condition prior to her work-related accident, the record reveals that the symptoms manifested themselves following the work-related accident and the defendants are required to compensate her for the surgery.
 

 We note that in a workers’ compensation case, the appellate court’s review of factual findings is governed by the clearly wrong standard.
 
 Madden v. Lemle and Kelleher, LLP,
 
 08-1691, p. 6 (La.App. 1 Cir. 2/13/09), 6 So.3d 247, 250. The two-part test for reversal of a factfinder’s determination is whether there is no reasonable factual basis in the record for the finding of the trial court and the record establishes that the finding is clearly wrong.
 
 Stobart v. State,
 
 617 So.2d 880, 882 (La.1993). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be clearly wrong.
 
 Stobart,
 
 617 So.2d at 883. As such, we are not railed upon to determine whether the OWC judge’s factual findings are right or wrong, but whether the fact finder’s conclusion is reasonable.
 
 Madden,
 
 08-1691 at p. 6, 6 So.3d at 250.
 

 
 *1054
 
 Although Russell alleges that the work-related accident precipitated the need for her shoulder surgery, Dr. Paul M. van Deventer, an orthopaedic surgeon retained as an independent medical examiner in this case, noted that the symptoms related to the shoulder surgery did not continuously manifest themselves following the work-related accident and opined that the recommended surgery was unrelated to the accident. Specifically, in an April 23, 2006 report, Dr. van Deventer indicated:
 

 In regard to the relationship of the patient’s ongoing symptomatology and her work injury, again I feel the patient has underlying impingement syndrome about the shoulder that is not directly related to her work injury. It appears that she aggravated this condition in June of 2005. Per the medical documentation, it | .¡appears that the aggravation to this condition resolved in July of 2005. It does [not] appear that any interval treatment was performed and that the patient functioned at normal duty until January. She began having increasing symptomatology in January although with no history of injury. Therefore, I am unable to relate the patient’s ongoing symptomatology to her work injury from June and feel it is more consistent with her underlying impingement.
 

 Dr. van Deventer further noted that it was his opinion that the “moderate impingement syndrome ... is related to her underlying acromial morphology.” In a subsequent report issued on February 19, 2009, Dr. van Deventer, although he agreed that surgery may be necessary, noted:
 

 In relationship to the patient’s work history, my overall opinion is unchanged from my previous report. The patient did give a history [that] was documented of a shoulder/neck sprain/strain-type injury that, by the medical documentation, resolved. She presented approximately 6 months later with symptomatology consistent with shoulder impingement which I would relate to her underlying congenital condition.
 

 Because a reasonable factual basis appears in the record to support the OWC’s finding, we cannot conclude that the OWC’s finding is clearly wrong. Likewise, Russell’s claim for statutory penalties, attorney’s fees, and legal interest arising from defendants’ failure to approve the surgery must also fail.
 

 In light of the foregoing, we affirm the OWC’s judgment and assess costs of this appeal against Trade Russell.
 

 AFFIRMED.