JaGOTHARD, Judge.
In this matter, plaintiff, Tuanhiep V. Nguyen, filed suit in First Parish Court for the Parish of Jefferson to recover damages for injuries he allegedly sustained in an automobile accident. The lawsuit asserts a claim against the uninsured/underinsured motorist (UM) coverage provided by defendant Louisiana Insurance Guaranty Association (LIGA) as the statutory successor to Automotive Casualty Insurance Company (plaintiffs UM carrier at the time of the accident).[1]
Following a bench trial on January 4 and February 3, 1994, the trial judge rendered judgment in favor of plaintiff and awarded damages in the amount of $7,500.00. A written judgment was signed by the trial judge on February 4, [31994. Thereafter, LIGA filed a “Motion to Set Appeal Bond” on February 25, 1994, and on February 28, 1994, filed a “Suspensive Appeal.”
Article 5002 of the Louisiana Code of Civil Procedure governs the delay for appealing a judgment rendered by a parish court:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
As it pertains to the requirement for notice of judgment in this ease, La.Code Civ.Proc. art. 4905A(3) provides:
A. Notice of judgment must be given when:
[[Image here]]
(3) The ease is not taken under advisement but the court does not sign a judgment at the time, and a party makes a request of record for notice.
In the record before us, LIGA neither requested a notice of judgment, nor applied for a new trial. Therefore, under La.Code Civ.Proc. art. 5002, LIGA had ten days from the date of the judgment (February 4, 1994) within which to move for an appeal. The ten-day delay for taking an appeal in this case expired on February 14, 1994,[2] well before LIGA filed its “Motion to Set Appeal Bond” and “Suspensive Appeal”.
UWhen an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may recognize its lack of authority to entertain the appeal and dismiss same. Smith v. Winn-Dixie Louisiana, Inc., 626 So.2d 750 (La.App.5th Cir.1993); Jones v. Dillard Department Stores, Inc., 624 So.2d 4 (La.App.5th Cir.1993).
Accordingly, we find LIGA’s appeal to be untimely and dismiss the appeal at defendant-appellant’s costs.
APPEAL DISMISSED.

. Prior to filing suit, plaintiff settled with the primary carrier, Allstate Insurance Company, for its policy limits.

. February 14, 1994, was a Monday and was not a legal holiday. The ten-day appeal delay in this case commenced on February 5, 1994, and expired on February 14, 1994. La.Code Civ.Proc. art. 5059.