11 KNOLL, Judge.
Plaintiff appeals the denial of worker’s compensation benefits for a back injury. The main issue for our review is whether the hearing officer committed manifest error in determining that the plaintiffs accident was not a cause of his back injury.
FACTS
On November 8, 1991, Randy French was working as a laborer for defendant, Manpower Temporary Services. He was assigned to assist in the repair of railroad track at the CLECO plant in Boyce, Louisiana. Mr. French was using a sledge hammer to drive a bolt through the track, when the bolt came free and struck Mr. French in the left leg. Mr. French fell onto his back and buttocks.
RMr. French was treated by Dr. Douglas Waldman, an orthopedist from Alexandria, for a hairline fracture of his left tibia. The treatment for his left leg progressed unre-markably until May, 1992, when Mr. French began to complain of back pain. Mr. French testified that he began complaining of back pain as early as his second trip to Dr. Wald-man’s office, but the first notation of back pain in the medical records is in May, 1992. On June 1, 1992, he was discharged for his leg injury.
On February 25, 1992 and again on July 14, 1992, Mr. French was examined by Dr. Ray Beurlot, an orthopedic surgeon in Alexandria. There is no mention of any back pain in the February report. In the July report, Mr. French indicated that he was experiencing back pain that had started four months before.
Starting in July of 1992, Mr. French saw Dr. John Patton, a neurosurgeon in Alexandria. Dr. Patton performed numerous tests on Mr. French including an MRI, a CT scan, and a myelogram. The MRI and CT scan revealed minimal bulging in discs at L4-5 and L5-S1 levels. Dr. Patton noted that the discs were within the normal range of anatomical variance and that the discs were not impinging on the nerves or the thecal sac. Because of Mr. French’s continuing complaints of pain, a myelogram was performed in October, 1992. The myelogram was essentially negative, although the slight bulges at L4-5 and L5-S1 were noted. Mr. French continued to treat with Dr. Patton through June of 1993, when Dr. Patton said that he felt that Mr. French had reached maximum medical improvement. Dr. Patton stated that he could not recommend any further surgery or treatment, and he suggested that a disability determination be performed so that the ease could be brought to closure.
The determination of disability examination was performed by Dr. Phillip Osborne in October, 1993. Dr. Osborne found a 0% impairment to Mr. French’s jgbody as a whole, but was unable to discuss disability. This is because several inappropriate responses given by Mr. French indicated that he was magnifying his symptoms.
On February 20, 1994, Mr. French’s disability benefits were terminated by his employer. He had received temporary total disability payments commencing with the accident in the amount of $133.33 per week. Medical benefits in the amount of $21,048.09 had also been paid. Mr. French contested the termination of his benefits.
On April 21, 1994, and May 20, 1994, Mr. French was examined by Dr. Robert Nicholson, an orthopedic surgeon in Baton Rouge. After a review of Mr. French’s previous tests, Dr. Nicholson felt that Mr. French’s pain was caused by a central herniation at L5-S1.
Trial was held on January 25, 1995. Only Randy French testified. The depositions of the doctors mentioned above and Mr. French’s medical records were introduced without objection. The main issue at trial was whether Mr. French’s back injury was caused by the accident on November 8,1991. In written reasons, the hearing officer held that Mr. French had not carried his burden of proof, and she dismissed his claim.
CAUSATION
Recently, in Ceasar v. Crispy Cajun Restaurant, 94—30 (La.App 3 Cir. 10/5/94), 643 *816 So.2d 471, writ denied, 94—2736 (La. 1/6/95), 648 So.2d 981, we said the following with regard to causation:
In a workers’ compensation case, a claimant must prove by a preponderance of the evidence that a work-related accident occurred, and that her disability was caused by that employment accident. Doucet v. Baker Hughes Production Tools, 626 So.2d 948 (La.App. 3d Cir. [1993]), writ granted and affd with amendment, 93-3087 (La. 3/11/94); 635 So.2d 166. “A claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing Uwith the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.” Bruno v. Harbert International, 593 So.2d 357, 363 (La.1992) (citing West [v. Bayou Vista Manor ], 371 So.2d [1146] at 1149 [La.1979] and Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La.1977)). ‘When there is proof of an accident and of a following disability, without an intervening cause, it is presumed that the accident caused the disability.” Coley v. Wilson Oil Co., Inc., 620 So.2d 445, 450 (La.App. 3d Cir.1993).
Ceasar, 643 So.2d at 476, 477.
The jurisprudence provides that the claimant in a worker’s compensation case has the benefit of a presumption of causation when “commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves after-wards.” In the case sub judice, Mr. French’s complaints of back pain are first documented on May 18, 1992, more than six months after the date of the accident. He had visited Dr. Waldman at least five times prior to this date. He had also been examined by Dr. Beurlot in February of 1992, and there was no mention of back pain in Dr. Beurlot’s report. Although Mr. French stated that he began experiencing back pain almost immediately after the accident, no evidence was adduced to corroborate this statement.
The jurisprudence also requires medical evidence to show “a reasonable possibility of causal connection between the accident and the disabling condition.” Doctors Wald-man, Patton, and Nicholson indicated that when there is a back injury caused by a traumatic event, they would expect almost immediate complaints of pain. They stated that although back injuries sometimes have delayed effects, they would expect complaints of pain within a month at the latest. They indicated that the more removed in time the complaints are from the accident, the less likely it is that the accident was the cause of the pain. The record indicates that considering the sixjmonthg delay in the appearance of Mr. French’s symptoms, it is unlikely that the accident was the cause of Mr. French’s back pain.
We note that the record indicated that there is a possibility that Mr. French’s back condition was secondarily related to his leg injury. There was simply not enough evidence adduced to carry the burden of proof on this point. We cannot say that the hearing officer committed manifest error in refusing to find that plaintiffs back injury was caused by the November 8, 1991 accident. For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.