796 So.2d 822 (2001)
John E. DUHON
v.
Scurlock PERMIAN.
No. 01-0406.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
Raleigh Newman, Jere Jay Bice, Lake Charles, LA, Counsel for Plaintiff/Appellant, John E. Duhon.
*823 Robert Joseph Tete, Jones, Tete, et al., Lake Charles, LA, Counsel for Defendant/Appellee, Scurlock Permian.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
GREMILLION, Judge.
The plaintiff, John Edward Duhon, appeals the workers' compensation judge's finding that he failed to prove a causal connection between a prior work accident and his current medical condition. For the following reasons, we affirm.

FACTS
On July 25, 1997, Duhon, a truck driver for Scurlock Permian, slipped and fell while traversing a ring levy at a lease site in Crowley, Louisiana. Duhon immediately called his supervisor, James Durham, to report his fall, but denied the need for immediate medical care because he thought he had only pulled a back muscle. On April 18, 1998, Duhon's back began hurting while he was unloading crude oil from his truck. He went to the emergency room at St. Patrick Hospital in Lake Charles, Louisiana, and followed up with his family physician, Dr. Richard Landry, two days later. X-rays taken by Dr. Landry revealed degenerative joint disease in the lower lumbar and lower dorsal spine. A June 23, 1998 MRI revealed degenerative joint and disc disease within the lumbar spine, particularly at L3-4 and L4-5. Duhon was next examined by Dr. Charles Billings, an orthopedic surgeon, whose initial impression was chronic lumbosacral strain with underlying disc and joint disease. He later diagnosed lumbar disc disease and recommended that Duhon undergo surgery.
Duhon filed a disputed claim for compensation against Scurlock Permian, who denied the work-related injury. Following a trial on the merits, the workers' compensation judge took the matter under advisement. Thereafter, she denied Duhon's claim finding that he failed to prove a causal connection between his July 25, 1997 work-related accident and his current medical condition. This appeal followed.

ISSUES
Duhon raises four assignments of error on appeal:
1) The workers' compensation judge erred in finding that he failed to prove his condition was caused by the July 25, 1997 work-related accident.
2) The workers' compensation judge erred in failing to apply the presumption that his medical condition was caused by the July 25, 1997 work-related accident.
3) The workers' compensation judge failed to give his testimony the proper weight.
4) The workers' compensation judge erred in failing to view the evidence in a light most favorable to him and in failing to presume that the accident caused the disability since there is an absence of an intervening cause.

DISCUSSION
In Peloquin v. Eunice News, 98-1524, p. 9 (La.App. 3 Cir. 4/28/99); 737 So.2d 132, 139, writ denied, 99-1573 (La.9/17/99); 747 So.2d 563, this court laid out the law pertaining to causation in workers' compensation cases:
In order to establish a claim for medical benefits, the employee must show, by a preponderance of the evidence, that the predicament complained of arose as a result of a work-related accident. Alleman v. Fruit of the Loom-Crowley, 96-1246 (La.App. 3 Cir. 3/5/97); 692 So.2d 485. "Proof by a preponderance *824 of the evidence is sufficient when the evidence taken as a whole, shows that the fact sought to be proved is more probable than not." Watkins v. Asphalt Assocs., Inc., 96-249 (La.App. 3 Cir. 12/4/96); 685 So.2d 393, 395. Therefore, it must be determined that the employment caused or contributed to the disability, albeit, it is not necessary that the exact reason be found. Augustus v. St. Mary Parish Sch. Bd., 95-2498 (La.App. 1 Cir. 6/28/96); 676 So.2d 1144.
In determining whether or not the claimant has discharged his burden of proof, the trier of fact should accept as true a witness' uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. Watkins, 685 So.2d 393. The worker's testimony, alone, may be sufficient to discharge this burden of proof provided that two elements are satisfied: (1) no other evidence discredits or casts serious doubt on the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La. 1992).
A workers' compensation judge's determinations as to whether the claimant's testimony is credible and whether the claimant met the required burden of proof are factual determinations which will not be disturbed on review absent manifest error or unless clearly wrong. In Bruno, the court stated that "[w]hen findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings...." Id. at 361 (quoting Rosell v. ESCO, 549 So.2d 840 (La. 1989)). When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551.
An employee's disability is presumed to result from his accident if, prior to the accident, the employee was in good health, but commencing with the accident "the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition." Bruno v. Harbert Int'l Inc., 593 So.2d 357, 363 (La.1992); see also Jackson v. Savant Ins. Co., 96-1424 (La.App. 1 Cir. 5/9/97); 694 So.2d 1178.
Duhon testified that he fell and hurt his back at a lease site on July 25, 1997, after which he immediately called Durham, but refused his offer of medical care because it was early on a Saturday morning and because he thought he had only pulled a muscle. He stated that he told Durham that he would seek medical care on Monday if his back continued hurting. He testified that his lower back hurt on and off after that, but that he continued working because he needed the job and because of his high pain tolerance. Duhon, who suffers from diabetes, testified that he went to have blood work done and told Dr. Landry that his back was hurting and his urine was dark. He stated that Dr. Landry concluded that both of these conditions probably resulted from him riding in an eighteen-wheeler all day.
On April 18, 1998, Duhon testified that he was unloading his truck when his back became so painful that he had to sit down. He stated that he drove back to Johnson Bayou after unloading his truck and retrieved his personal truck before driving home. Duhon testified he went to the *825 emergency room after discussing the matter with his wife. He called his supervisor, Henry Seymour, the next morning and reported that he was unable to work because of back pain. He testified that he has not worked since then. Duhon stated that, at that point in time, he still believed his pain was caused by his kidneys as related to his diabetes; thus, he did not connect his lower back pain with his fall until the x-rays and MRI revealed his condition. Thereafter, he testified that he told Dr. Landry about his fall. Duhon denied suffering any intervening accident between July 1997 and April 1998, and stated that he suffered pain continuously from the date of the accident. He explained his failure to report his fall to either Dr. Landry or the emergency room doctor because of his belief that his back pain was kidney-related. He denied ever telling anyone that his back pain went away.
Seymour, Duhon's supervisor between September 1997 and April 1998, testified that Duhon called him on April 19, 1998, and reported going to the emergency room the night before because of back pain. He stated that Duhon said he did not need to fill out an accident report because his back had just started hurting. Seymour described Duhon as a good, hard, dependable worker, who would probably try to work through any problem as opposed to going to the doctor.
Durham testified that Duhon called him in July 1997, and reported his fall at the lease site. He stated that Duhon only complained of a possible pulled muscle and refused medical care because he did not think his condition was bad. He stated that Duhon transferred to another terminal shortly thereafter, but he never complained of back pain between the date of his fall and his transfer. Durham stated that he did not hear from Duhon again until approximately one year later, when he called to obtain information about his accident for his workers' compensation claim.
Harold Richard and Floyd Stanford, truck drivers with Scurlock Permian, both testified that Duhon mentioned slipping and falling at the lease. Stanford recalled Duhon stating that he hurt his back as a result of his fall, but Richard could not remember whether he did so.
Dr. Landry testified that Duhon's first report of back pain occurred on April 20, 1998, two days after he went to the emergency room. He stated that Duhon was seen by him on July 16, 1997 and then again on February 27, 1998, but failed to complain of back pain at either time. Dr. Landry testified that Duhon was seen on December 22, 1997, for blood work pertaining to his diabetes, which was performed by a nurse. On February 27, 1998, Dr. Landry stated that Duhon complained of a knot on the back of his head, dark urine, a sore throat, and phlegm. He testified that Duhon had trace amounts of blood waste products in his urine, which was common in diabetes.
On April 20, 1998, Duhon complained of pain in his lower back, which radiated down his left leg while he was lying down, and being unable to stand or walk for long periods of time. He reported no known cause of injury. After examining Duhon, Dr. Landry noted that his left lumbosacral area was extremely tender to palpation. X-rays revealed degenerative joint disease, while an MRI revealed degenerative joint and disc disease within the lumbar spine, particularly at L3-4 and L4-5. Dr. Landry testified that, had Duhon complained of any back pain prior to his April 20, 1998 visit, he would have noted such in his records. With regard to Duhon's December 22, 1997 visit, he admitted that his office performs preventative care through its nursing staff. Dr. Landry further stated *826 that there could be an association between Duhon's July 25, 1997 accident and the onset of his back pain, but that he was not sure.
Dr. Billings testified that his initial impression of Duhon's condition was chronic lumbosacral strain with underlying disc and joint disease. He felt that the disc and joint disease were related to osteoarthritis, which had probably existed for many years prior to the accident. Dr. Billings later diagnosed Duhon as suffering from lumbar disc disease and recommended that he undergo surgery. He further noted that the lumbar disc disease had probably caused Duhon to suffer acquired stenosis, a narrowing of the nerve canals as a result of a gradual increase in the surrounding tissue, including the discs, joints, and supporting soft tissue. Dr. Billings related his finding of a causal connection between Duhon's July 25, 1997 accident and his present condition as based solely upon the history given to him by Duhon. Although he felt that Duhon was a reliable and credible patient, he also stated that it could be significant that he failed to complain of low back pain to Dr. Landry in February 1998, even though he was still driving a truck during the months since his fall.
Mary Chu, a senior claims representative for ESIS, the third party administrator for Scurlock Permian, was the initial claims adjustor on Duhon's claim. After receiving his file on July 13, 1998, Chu testified that she interviewed Duhon and attempted to obtain his medical records. An attempt to record his statement failed. In reviewing her notes, Chu testified that Duhon described slipping and falling on both knees while at an oil company. He stated that he immediately reported the incident to his supervisor, but refused the offered medical treatment because he did not feel it was necessary. He told her that he did not seek medical treatment later because his pain went away. Chu testified that she did not receive any medical records indicating that Duhon sought medical treatment in 1997, and that he gave her the names of two doctors from whom he sought treatment in 1998. He further told her that he believed that his back pain was related to his kidneys. Chu stated that the records revealed that Duhon did not suffer from a kidney problem, nor did her investigation reveal any other cause of his back problem other than his July 25, 1997 fall. However, she determined that there was no causal connection between Duhon's injury and his employment based on his records. Chu related his degenerative disc disease to the normal aging process or degeneration of the spine.
After reviewing the record, we cannot say that the workers' compensation judge's finding that Duhon failed to prove a causal connection between his fall and his subsequent disability is unreasonable. Duhon's first complaints of back pain were not documented until April 18, 1998, when he went to the emergency room. Dr. Landry testified that he first noted complaints of back pain in his medical records on April 19, 1998. This is approximately ten months after Duhon's July 25, 1997 work-related fall. Since there is no evidence corroborating his assertion that he suffered back pain which commenced with the accident and continued off and on until April 18, 1998, we cannot say that the workers' compensation judge erred in failing to apply the presumption in Duhon's favor. French v. Manpower Temporary Servs., 95-823 (La.App. 3 Cir. 12/6/95); 664 So.2d 814.
Nor do we find any merit in Duhon's argument that the workers' compensation judge erred in failing to give his testimony its proper weight. Duhon testified that he reported back pain to Dr. *827 Landry when he went in to have blood work done for his diabetes. However, Dr. Landry's medical records reflect that Duhon was seen by a nurse on that date, and there is no mention of back pain at that time. Furthermore, there is no mention of him complaining of back pain on February 27, 1998, although the records do mention that he reported having dark urine. Dr. Landry testified that he would have noted any complaints of back pain in his records. The first complaint did not appear until April 20, 1998. Doubt is also cast on Duhon's testimony by Chu's statement that he told her his pain went away.
Since a workers' compensation judge's findings as to whether a plaintiff has met his burden of proof are factual in nature, they will not be disturbed in the absence of manifest error or unless they are clearly wrong. After reviewing the record, we cannot say that the workers' compensation judge erred in holding that Duhon failed to satisfy his burden of proving that his current back complaints were causally related to his July 25, 1997 work-related accident. Accordingly, the judgment of the workers' compensation judge is affirmed and these assignments of error are dismissed as being without merit.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, John Edward Duhon.
AFFIRMED.